ELLSWORTH FREIGHT LINES, INC., et al., Respondents,

v.

MISSOURI HIGHWAY RECIPROCITY COMMISSION et al., Appellants.

No. 59981.

Supreme Court of Missouri, En Banc.

July 24, 1978.

John D. Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for appellants.

Howard M. Downs, Petty, Andrews, Tufts & Jackson, San Francisco, Cal., John W. Inglish, Jefferson City, for respondents.

DONNELLY, Judge.

On October 26, 1970, eight Iowa based trucking companies and two Missouri based trucking companies, on behalf of themselves and all others similarly situated, filed a lawsuit in the Circuit Court of Cole County against the Missouri Highway Reciprocity Commission, its individual members, the State Treasurer, and the Director of the Division of Budget and Comptroller. This petition set forth four counts: Count I sought a declaratory judgment that certain practices, rules and regulations of the Missouri Highway Reciprocity Commission concerning the collection of motor vehicle registration fees were unconstitutional; Count II sought injunctive relief against those practices; Count III sought recovery of registration fees allegedly collected illegally by the Commission since 1960, along with interest; and Count IV requested mandamus against the Director of Revenue, the Treasurer and the Comptroller for payment of the alleged excessive registration fees.

Three of the plaintiffs, Ellsworth Freight Lines, Inc., Hirschbach Motor Lines, Inc., and Kroblin Refrigerated Xpress, Inc., along with two other trucking firms, Bruce

Motor Freight, Inc., and Brady Motor Frate, Inc., filed claims for refund with the Director of Revenue in late 1969 for motor vehicle registration fees allegedly collected in violation of the Vehicle Registration Proration and Reciprocity Agreement (Uniform Compact) to which the State was a party. The hearing on the applications for refund was held before the Director of Revenue on June 25, 1970. Brady and Bruce appealed the adverse decisions from the Director of Revenue to the State Tax Commission and ultimately to this Court, where it was held that the formula used by the Missouri Highway Reciprocity Commission in determining registration fees had been improper but that the two-year statute of limitations contained in § 136.035, RSMo 1969, was applicable. *State ex rel. Brady Motorfrate, Inc., v. State Tax Commission*, 517 S.W.2d 133 (Mo.1974).

During the course of the action below, the Director of Revenue denied the claims of plaintiffs Ellsworth, Hirschbach and Kroblin, who filed a petition for writ of review of the Director's decision in the Circuit Court of Cole County and also filed an application for review of the Director's decision with the State Tax Commission. To date, no further action has taken place in the Tax Commission, or in the Circuit Court of Cole County on the petition for a writ of review.

Defendants filed a motion to dismiss the action below alleging, among other things, that the circuit court lacked jurisdiction over the subject matter because the petition asserted a claim for money against the State to which the State had not consented, that the plaintiffs had not exhausted the administrative remedies available for recovery of taxes allegedly collected illegally, and that the petition constituted an improper attempt at a class action. The lower court overruled the motion, and allowed the action to proceed as a class action.

On December 12, 1975, the final hearing was held and a stipulation of facts was agreed to. This stipulation stated that plaintiffs' request for an injunction was now moot because the State had ceased certain practices complained of and an amendment to the Uniform Compact in 1972 by the State now allowed the Commission to calculate registration fees by utilizing the several formulas complained of by plaintiffs. For these reasons, plaintiffs indicated they were only seeking recovery of registration fees through the license year 1972. No preliminary writ of mandamus was issued by the trial court, so Count IV was not in issue.

The lower court entered judgment for the plaintiffs, concluding that the class action was proper, and that the refund of motor vehicle fees was not subject to the requirements of § 136.035, RSMo 1969, or any concept of sovereign immunity. .

Defendants have appealed from the trial court's ruling, alleging that this action was an improper means of securing a refund of motor vehicle fees and that plaintiffs failed to exhaust their administrative remedies. Plaintiffs contend that they were entitled to sue in the trial court for a refund without exhausting administrative remedies because their basis for a refund is alleged violations of federal rights.

Section 136.035, RSMo 1969, provides:

"1. The director of revenue from funds appropriated, shall refund any overpayment of erroneous payment of any tax which the state is authorized to collect. The general assembly shall appropriate and set aside funds sufficient for the use of the director of revenue to make refunds authorized by this section or by final judgment of court.

"2. The director of revenue shall refund any overpayment or erroneous payment of any tax on intangible personal property and the amount refunded shall be charged against the next apportionment to the political subdivision which was the residence or situs of the taxpayer at the time the tax was paid.

"3. No refund shall be made by the director of revenue unless a claim for refund has been filed with him within two years from the date of payment. Every claim must be in writing under oath and

must state the specific grounds upon which the claim is founded."

Section 138.430, RSMo 1969, provides:

"1. Any person, firm or corporation shall have the right to appeal to the state tax commission from any finding, order, decision, assessment or additional assessment made by the director of revenue, or by the state collector of revenue, under such rules and regulations as said commission shall prescribe. The state tax commission shall have authority to affirm, modify or reverse any such finding, order, decision, assessment or additional assessment which is found to be unlawful, unfair, improper, arbitrary or capricious."

The State Tax Commission's decision is judicially reviewable under Supreme Court Rules 100.03 to 100.07, inclusive, by means of a writ of review. *Gas Service Co. v. M. E. Morris*, 353 S.W.2d 645 (Mo.1962).

Plaintiffs in this cause, after having filed claims for refunds which were denied, chose not to pursue their administrative remedies, but instead to seek a refund by means of a declaratory judgment action and suit for recovery of taxes paid. This means of recovering taxes paid is not provided for by statute.

 In a suit against the State for recovery of taxes, administrative procedures statutorily provided for are the exclusive means of recovery. In *Gas Service Co. v. M. E. Morris, supra*, at 655, this Court said:

" . . . The legislature here provided for the taxpayer a procedure to recover a tax illegally collected and to that extent the state consented to be sued. *Rogers v. Holmes*, 214 Ore. 687, 332 P.2d 608, 611(1, 2). When a state consents to be sued, it may be proceeded against only in the manner and to the extent provided by the statute; and the state may prescribe the procedure to be followed and such other terms and conditions as it sees fit. *State ex rel. Leggett v. Jensen*, Mo., 318 S.W.2d 353, 359; *Kleban v. Morris, supra* [363 Mo. 7], 247 S.W.2d [832], 840; *American Steel & Wire Co. of New Jersey v. State*, 49 Wash.2d 419, 302 P.2d 207, 210(6, 7);

*Land Holding Corp. v. Board of Finance & Revenue*, 388 Pa. 61, 130 A.2d 700, 703(1–3); *Executive Air Service v. Division of Fisheries & Game*, [342] Mass. [356], 173 N.E.2d 614, 615(1, 2). Thus, if as in the present instance the only method and procedure provided for the recovery of illegally collected taxes was through the media of administrative agencies and the judicial review of their decisions, the state's consent to be sued was conditional upon the pursuance of those procedures as the taxpayers' exclusive remedy. *Great American Ins. Co. v. Gold*, 254 N.C. 168, 118 S.E.2d 792, 795(2); *Kleban v. Morris, supra*, 247 S.W.2d 840."

The exclusivity of administrative remedies was reaffirmed by this Court in *State ex rel. Brady Motorfrate, Inc. v. State Tax Commission supra*, at 138:

"The statutes creating the highway reciprocity commission and giving it certain powers and responsibilities do not expressly or by implication abrogate or repeal the preexisting statutory procedures for refund of overpaid taxes . . .. Insofar as tax refunds are concerned, the diminution of sovereignty implicit in the enactment of § 301.277, supra enures to the benefit of these motor carriers only to the extent that they comply with the procedural requirements of Missouri's tax refund statutes."

The propriety of a state's requiring exhaustion of administrative remedies before the invalidity of a tax may be asserted in a judicial tribunal, even where constitutional claims are raised, has been recognized by the United States Supreme Court. *First National Bank of Greeley v. Board of County Commissioners of the County of Weld*, 264 U.S. 450, 44 S.Ct. 385, 68 L.Ed. 784 (1924).

Plaintiffs assert that "the State of Missouri may not qualify or condition federal rights by local rules of practice including Chapter 136, RSMo 1969." They argue from such assertion that they may not be relegated to § 136.035, RSMo 1969, as the exclusive remedy available to them for the

recovery of taxes. We recognize that "the assertion of Federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice." *Davis v. Wechsler*, 263 U.S. 22, 24, 44 S.Ct. 13, 14, 68 L.Ed. 143 (1923). However, we do not believe that plaintiffs' claims are *defeated* by the requirement that they be pursued through use of the remedy given by § 136.-035. Plaintiffs would have us hold that their assertion of "federal rights" entitles them to proceed, at their option, under the Missouri Declaratory Judgments Act and for damages rather than under § 136.035. We decline to do so. Plaintiffs must proceed under § 136.035.

■ We do note that unreasonable delay on the part of the State Tax Commission in making a decision on plaintiffs' refund requests may be grounds for an order of the Circuit Court either compelling action by the State Tax Commission or removing the case to the court for decision. Rule 100.03.

The judgment of the Circuit Court is reversed and the cause is remanded with directions to dismiss the petition filed by plaintiffs without prejudice to the right to proceed further under §§ 136.035 and 138.-430 and Rules 100.03 to 100.07, inclusive.

MORGAN, C. J., BARDGETT, FINCH, RENDLEN and SEILER, JJ., and GUNN, Special Judge, concur.

SIMEONE J., not participating because not a member of the Court when cause was submitted.