STATE of Missouri ex rel. ELLSWORTH
FREIGHT LINES, INC., a Corporation;
Hirschback Motor Lines, Inc., a Corpo-
ration; and Kroblin Refrigerator
Xpress, Inc., a Corporation, and all oth-
er trucking companies similarly situat-
ed, Plaintiffs-Respondents,

v.

STATE TAX COMMISSION OF MIS-
SOURI, Defendant-Appellant.

No. 64266.

Supreme Court of Missouri,
En Banc.

May 31, 1983.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for defendant-appellant.

Howard M. Downs, San Francisco, Cal., John Inglish, Jefferson City, for plaintiffs-respondents.

JAMES K. PREWITT, Special Judge.

The issues presented in this appeal are (1) whether recovery of overpayment of motor vehicle registration fees may be sought by a class action; (2) if not, whether the filing of a class action would toll the statute of limitations on the claims of the members of the class who were not named parties; and (3) whether interest should be allowed when overassessed motor vehicle registration fees are refunded. This court has jurisdiction as the appeal involves construction of the revenue laws. Mo. Const. Art. V, § 3.

On December 16, 1969, respondents filed a claim with the Missouri Department of Revenue, seeking a refund of motor vehicle registration and license fees for 1960 through 1969, on behalf of themselves and a class of "aggrieved truckers". They also requested interest at the rate of 5% on the overpayments.

The refunds were sought on the basis of improper computation and assessment of registration fees by the Missouri Highway Reciprocity Commission. This court has ruled that during the period in question the Missouri Highway Reciprocity Commission violated the Vehicle Registration Proration and Reciprocity Agreement and certain carriers were charged excessive fees. See *State ex rel. Brady Motorfrate, Inc. v. State Tax Commission*, 517 S.W.2d 133 (Mo.1974). The registration fees are taxes upon the privilege of operating motor vehicles on Missouri highways. *Transport Rentals, Inc. v. Carpenter*, 325 S.W.2d 745, 749 (Mo.1959).

On October 26, 1970, respondents also sought the overpayments and other relief in an action filed in behalf of themselves "and all others similarly situated" in the Circuit Court of Cole County against the Missouri Highway Reciprocity Commission and others. That action also alleged that the Director of the Department of Revenue "has refused to honor ... claims as to those not named as parties" to the December 16, 1969, claim. On June 6, 1973, the Director of the Department of Revenue denied the December 16, 1969, claim and respondents then petitioned the State Tax Commission to review that denial.

On July 24, 1978, this court determined that the action initiated in the circuit court did not lie as the respondents must pursue the refunds through the administrative remedies provided by statute. That action was ordered dismissed "without prejudice to

the right to proceed further under §§ 136.-035 and 138.430 and Rules 100.03 to 100.07, inclusive." *Ellsworth Freight Lines v. Missouri Highway Reciprocity Commission,* 568 S.W.2d 521, 525 (Mo. banc 1978), cert. denied 440 U.S. 901, 99 S.Ct. 1204, 59 L.Ed.2d 449 (1979). The court noting "that unreasonable delay on the part of the State Tax Commission in making a decision on plaintiffs' refund requests may be grounds for an order of the Circuit Court either compelling action by the State Tax Commission or removing the case to the court for decision. Rule 100.03." 568 S.W.2d at 525. No remedy because of delay was ever sought by respondents.

On December 19, 1978, the State Tax Commission ruled that the two year statute of limitations contained in § 136.035.3, RSMo 1978, was applicable and denied any claims for refund based upon payments made before December 16, 1967. It determined that Ellsworth Freight Lines, Inc. and Hirschbach Motor Lines, Inc. were entitled to refunds but that Kroblin Refrigerator Xpress, Inc. was not because of the two year statute of limitations. It also ruled that respondents could not seek a refund for others as a class action and that interest could not be recovered. Respondents then sought judicial review before the Circuit Court of Cole County.

On July 7, 1982, the circuit court ruled that respondents could properly seek a refund for others as a class action but if it was subsequently held that a class action was not appropriate "that the filing of the claim for refund on behalf of the class in December, 1969, operates to toll any Statutes of Limitations applicable to the filing of such claims". It determined that respondents were entitled to interest on the overpayments at 5% from December 8, 1969. It also increased the amount due to Ellsworth Freight Lines, Inc. and Hirschback Motor Lines, Inc. and allowed a refund to Kroblin Refrigerator Xpress, Inc. All amounts found due, except interest, were for overpayment for the two years immediately preceding the filing of the claim for refund.

The State Tax Commission appeals, contending that the circuit court erred as no class action is permitted; that its filing does not toll the two year statute of limitation; and that interest on the refunds should not be ordered. No contention is made here that the principal amounts found due by the circuit court were improper. A partial satisfaction of judgment was filed on August 31, 1982, showing that respondents were refunded the principal amounts as ordered by the circuit court.

We first discuss whether the class action was proper. Respondents contend that they are entitled under Missouri law to bring a class action and even if Missouri law does not allow such an action they are entitled to bring it under federal procedure because the Missouri Reciprocity Commission violated the United States Constitution and the Vehicle Registration Proration and Reciprocity Agreement. Respondents assert that "valid Federal claims" are involved and both federal substantive and procedural law must be followed.

■ We do not agree that Missouri law allows a class action as sought here. *Charles v. Spradling,* 524 S.W.2d 820 (Mo. banc 1975), held that a class action cannot be used to claim refunds of improperly collected sales taxes. Respondents attempt to distinguish it because § 144.190.2, RSMo 1969, requires claims to be brought by each "person". That was not the basis of the holding. It held that as § 144.190 specified the method by which sales tax refund claims may be made, and as there was no provision there that they could be claimed on behalf of a class of taxpayers, the state had not consented to be sued in such a manner. That holding is applicable here. Section 136.035, RSMo 1978, provides the Missouri procedure for the initiation of claims for refunds of the fees paid here. That section does not authorize a class action and therefore, under Missouri law one may not be maintained here.

■ Respondents argue that the Administrative Procedure Act, § 536.067(1), RSMo 1978, provides for class actions. This does not help the respondents. The jurisdiction

of the State Tax Commission was predicated on § 138.430, RSMo 1969, in force at the time the review was sought, but now repealed. The Commission's jurisdiction is limited to the "finding, order, decision ..." of the Director of Revenue which was sought to be appealed and, as demonstrated above, § 136.035 does not authorize a claim for refund on behalf of a class. The recognition of class actions in § 536.067(1), moreover, is discretionary with the administrative tribunal, and the State Tax Commission exercised its discretion against the recognition of the class action.

Respondents contend that this cause involves "federal rights" and is governed by federal procedure because the Missouri Reciprocity Commission violated the United States Constitution by unconstitutionally burdening interstate commerce, violating the equal protection clause of the Fourteenth Amendment, violating the privileges and immunities of citizens of other states, violating the due process clause of the Fourteenth Amendment, and contravening the constitutional prohibition against impairing the obligation of contract. Respondents also contend that the violation of the Missouri Highway Reciprocity Commission of the Vehicle Registration Proration and Reciprocity Agreement gives rise to "federal rights" and thus federal procedures apply.

■ These arguments were answered in the prior *Ellsworth* case. The court stated that even where constitutional claims or other "federal rights" are involved, a state may require that its procedures be followed as long as those rights are not defeated under the name of local practice. 568 S.W.2d at 524–525. See also *Brady,* supra, 517 S.W.2d at 137–138. The absence of a class action does not defeat those rights. No carrier's rights are defeated by following § 136.035. While a class action may be more convenient, its absence certainly does not prevent any claimant from filing a claim and seeking a refund under § 136.035. The respondents did so successfully for themselves here, as did the claimants in *Brady.*

■ Respondents also contend that the Missouri Highway Reciprocity Commission's violation of the Vehicle Registration Proration and Reciprocity Agreement "gives rise to 'federal' claims, to which sovereign immunity is not a defense." They contend that absent sovereign immunity Missouri cannot limit the manner of bringing suit. This contention is answered in *Brady.* "The statutes creating the highway reciprocity commission and giving it certain powers and responsibilities do not expressly or by implication abrogate or repeal the preexisting statutory procedures for refund of overpaid taxes". 517 S.W.2d at 138. Respondents must follow § 136.035, and as it does not provide for a class action, none is allowed.

■ Whether the filing of a class action would toll the statute of limitations does not affect any of the named respondents. It only affects those members of the purported class not named. Whether the statute of limitations should be tolled because of an improper class action would only be relevant in determining the claims of those carriers. Determining that issue now would be an advisory opinion for entities not proper parties to this suit. The supreme court does not render advisory opinions. *In the Matter of the Estate of Van Cleave,* 574 S.W.2d 375, 376 (Mo. banc 1978). As a class action is not proper, respondents are before this court in their individual capacities only and our review is limited to the trial court's judgment as it affects them individually. See *Moore v. City of Pacific,* 534 S.W.2d 486, 493–494 (Mo.App.1976). An appellate court opinion should be limited to those questions essential to a proper disposition of the appeal. *Kestner v. Jakobe,* 412 S.W.2d 205, 207 (Mo. App.1967). Whether the statute of limitations is tolled is not properly before this court nor essential to the proper disposition of this appeal.

■ We now discuss whether interest was properly awarded. Respondents contend that because these are "federal claims" that federal and not state law governs the

granting of interest. Citing *Board of County Commissioners of the County of Jackson v. United States,* 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313 (1939), and 28 U.S.C. § 1961, they assert that federal law authorizes such interest. Neither citation aids respondents. In *Board of County Commissioners of the County of Jackson v. United States,* 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313 (1939), the United States sought recovery of taxes and interest because of property taxes improperly levied upon land owned by a Pottawatomie Indian. Kansas law did not provide for interest upon taxes wrongfully collected and although rights under a federal treaty were involved, under the circumstances there present the court determined that interest could not be collected. Title 28 U.S.C. § 1961 allows interest "on any money judgment in a civil case recovered in a district court." This matter is not in a district court and even there where a case is based on state law, state law controls on the allowance and rate of interest. *Budge v. Post,* 643 F.2d 372, 375 (5th Cir.1981); *E.C. Ernst, Inc. v. Manhattan Construction Company of Texas,* 551 F.2d 1026, 1042 (5th Cir.1977), cert. denied 434 U.S. 1067, 98 S.Ct. 1246, 55 L.Ed.2d 769 (1978).

In Missouri the state is not liable for interest on overpaid taxes in the absence of a statute so providing. *International Business Machines Corporation v. State Tax Commission,* 362 S.W.2d 635, 641 (Mo.1962); *Simmons Hardware Co. v. City of St. Louis,* 192 S.W. 394, 398–399 (Mo. 1916). There is no statute providing for interest in this situation and thus no interest is allowable.

The judgment of the circuit court is affirmed insofar as the principal amounts of the refunds to the named respondents was there determined and the judgment is reversed in all other respects. The cause is remanded to the circuit court with directions that it enter an order affirming the decision of the State Tax Commission denying respondents the right to bring a class action on behalf of others and denying respondents interest on the amount of their refunds. Appellant's motion to strike previously taken with the case is denied.

RENDLEN, C.J., and HIGGINS, GUNN, BILLINGS, BLACKMAR and DONNELLY, JJ., concur.

WELLIVER, J., not sitting.