David A. and Susan C.
KOONTZ, Appellants,

v.

Chandler B. and Harriet Beckham LEE
and J.C. Nichols Co., Respondents.

No. WD 39008.

Missouri Court of Appeals,
Western District.

Oct. 6, 1987.

Martin Douglas Prins, Lee's Summit, for appellants.

William F. Ford, Jr., Kansas City, for respondents.

Before KENNEDY, C.J., and PRITCHARD and LOWENSTEIN, JJ.

KENNEDY, Chief Judge.

This is an appeal from a summary judgment for buyers of a tract of residential real estate in Kansas City, Missouri, upon a claim brought against them by the sellers for damages for breach of contract of sale.

Plaintiffs David A. Koontz and Susan C. Koontz, who lived in Colorado, owned a house at 433 Dartmouth Road in Kansas City, Missouri. On December 6, 1985, they entered into a contract (with the intermedi-

ation of the J.C. Nichols Co., plaintiffs' real estate agent) to sell the same to defendants Chandler B. Lee and Harriet Beckham Lee, who lived in North Carolina, for $100,000. The contract recognized that $95,000 of the purchase price was to be obtained by the buyers through a loan. The contract contained the following provisions:

4. FINANCING PROVISIONS CONVENTIONAL LOAN FINANCING. This contract is subject to the buyer being able to obtain a commitment for a loan on said property in the above amount at an initial interest rate of 12.5 (includes ¼% PMI) per cent per annum within 35 days from the date hereof. BUYER MUST FURNISH SELLER or SELLER'S AGENT a copy of signed loan commitment approval or denial within five (5) business days of the date of such written commitment advice.

. . . .

LOAN APPLICATION. BUYER agrees to make all applications for subject loan within five (5) business days from date of acceptance of this agreement and in the event of rejection, buyer shall immediately notify the seller. If said loan cannot be obtained, the earnest deposit shall be returned to the buyer, less any expenses incurred by or in behalf of buyer.

The contract provided that the sale was to be closed on January 7, 1986, but by later written agreement it was postponed to January 13. The sale was never closed, however, and sellers, according to their petition, later sold the property for a lesser amount, and also sustained other damages by reason of the buyers' alleged breach of contract.

Defendant buyers filed a motion for summary judgment, Rule 74.04 (1976). To defendants' motion for summary judgment was attached an affidavit of defendant Chandler B. Lee which stated:

1. On or about November 23, 1985, I signed a real estate contract for purchase of property with my wife, Harriet Beckham-Lee, from David A. Koontz and Susan C. Koontz.

2. Pursuant to the terms of that real estate contract, my wife and I made a loan application for purchase of the property in question.

3. I received verbal approval of our ability to receive a loan from a lender on Friday, January 10, 1985, but that verbal approval was rescinded by the lender on Monday, January 13, 1985.

4. The lender informed me both verbally, and by written correspondence on January 20, 1986, that the reason the loan approval was rescinded and no loan commitment was given was because I had been unable to purchase an automobile dealership, and that the potential income from that dealership was looked to in tentatively approving the loan. As a result of being unable to purchase the dealership, I was unemployed and the lender was not willing to go through with the loan.

5. At no time have either my wife or I received any written loan commitment from any lender for a loan to purchase the property in question.

6. At no time prior to thirty-five days after the signing of the real estate contract in question did either my wife or myself receive a commitment by a lender to loan us the money for purchase of the property in question.

The plaintiffs filed no affidavit to challenge the facts stated in the above affidavit, and the trial court was therefore obliged to take the statements of the affidavit as true. Rule 74.04(e) (1976); *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241 (Mo. banc 1984).

The parties assume that the contract called for a *written* loan commitment from a lender and that, upon the buyer's inability to obtain such written commitment they would, by the terms of the contract, be excused from performance. We adopt the parties' reasonable assumption (without specifically so holding) that a written loan commitment was required, and that an oral "approval" of the loan by the lender would not comply with the contract terms.

■ The defendant buyers' affidavit says that no written loan commitment was received by them at any time, and that the

"verbal" (which we take to mean "oral") approval which they received was rescinded before time for closing. As noted before, the statements in this affidavit the trial court properly took as true, for there was no affidavit or other Rule 74.04 evidence filed by plaintiffs which opposed the statements of defendants' affidavit. Plaintiffs say, however, that the motion for summary judgment, the affidavit and other Rule 74.-04 evidence left an unresolved issue whether defendants had actually received a loan commitment complying with the contract. They point out that their petition alleged "that all of the conditions required by said contract of [buyers] had been met by [buyers] and specifically that [buyers'] financing had been approved prior to the 'closing date'...." "Mere allegations or denials" in pleadings, however, do not suffice to make an issue of fact as against an evidentiary factual statement in an affidavit submitted in support of a motion for summary judgment. The summary judgment opponent must in his response "set forth specific facts showing that there is a genuine issue for trial." Rule 74.04(e) (1976); *Gillespie v. Pulsifer*, 655 S.W.2d 123, 126 (Mo. App.1983).

Plaintiff sellers go ahead to say that another issue of fact left open by the summary judgment evidence was whether the writing requirement of the contract was waived by the parties. Plaintiffs remind us that parties to a contract which by its terms requires a notice or other communication to be in writing, may impliedly or expressly waive this requirement. This is so, *Pilla v. Estate of Pilla*, 689 S.W.2d 727 (Mo.App.1985). There were no facts before the court, however, by affidavit or as otherwise provided by Rule 74.04 which would raise the issue of waiver. If the sellers were relying upon waiver of the contract terms, it was incumbent upon them to submit evidentiary facts which would raise such an issue.

Plaintiffs then say that, even though the facts in defendants' affidavit are taken as true, defendants are not entitled to summary judgment. They say the contract may not be understood without resort to evidence outside the contract—to custom, usage, the interpretation of the parties and possibly other matters. Plaintiffs cite us to *E.O. Dorsch Electric Co. v. Plaza Construction Co.*, 413 S.W.2d 167, 173 (Mo.1967), where the Missouri Supreme Court set aside a summary judgment granted upon a complicated four-part construction contract, observing:

We do not find that the contract documents are so clear and unequivocal in their meaning that they necessarily, as a matter of law, preclude plaintiff's cause of action for damages for negligence.... 'That question should be resolved only upon an interpretation of the contract in the light of the surrounding circumstances, applicable customs and usages, the parties' own interpretation of the contract and other evidence bearing on the question of its meaning' (quoting *Cure v. City of Jefferson*, 380 S.W.2d 305, 312 (Mo.1964)).

The contract provision before us, however, is uncomplicated and is easily understood without resort to external evidence. Its legal effect is clear. It is held in Missouri that a provision in a real estate sales contract making the contract contingent upon the buyer's obtaining financing creates a condition subsequent. Upon the nonoccurrence of the condition (i.e. the buyer's obtaining financing), the buyer is ipso facto excused from performance. *Maynard v. Bazazzadegan*, 732 S.W.2d 950, 954 (Mo.App.1987). As we have earlier observed, the parties assume that the contract by its terms calls for a written loan commitment, leaving no open question on that point. Plaintiffs do not persuade us that the contract provision we are considering is ambiguous, or that other evidence is required or admissible in finding its meaning. The judgment is therefore affirmed.

Defendant's motion for damages for vexatious appeal, Rule 84.19 (1982), is denied.

All concur.