William H. ARMSTRONG, Jr., Victor M. Collier, Jr., Lucien R. Foulke, Jr., Plaintiffs–Appellants,

v.

BURNS & WILCOX, LTD., Defendant–Respondent.

Nos. 55353 & 55373.

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 21, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 21, 1989.

Bevis Schock, St. Louis, for plaintiffs-appellants.

Philip Heagney, St. Louis, for defendant-respondent.

DOWD, Judge.

Plaintiffs, a real estate partnership, appeal in a court tried case a $1,190.60 award of damages and a $1,000.00 award of attorneys' fees. We affirm.

The plaintiffs, William H. Armstrong, Jr., Victor M. Collier, Jr., and Lucien R. Foulke, Jr., formed a real estate partnership called AFC Properties STL # 3 (hereinafter AFC Properties).

The defendant, Burns & Wilcox, Ltd. (hereinafter Burns & Wilcox), is an insurance brokerage company headquartered in Detroit, Michigan with a regional office located in St. Louis County.

The plaintiffs own and developed an office building on Studt Avenue in St. Louis County known as the Keystone Office Complex "B" Building (hereinafter Keystone Complex).

Burns & Wilcox first leased space from AFC Properties at the Keystone Complex in February of 1984. It signed a two-year lease. On January 30, 1986, Burns & Wilcox signed a second two-year lease. The second lease ran through February 28, 1988, and included Burns & Wilcox's original space (Suite 110) plus the adjoining room (Suite 109). The rent for these two suites together was specified in the lease as $1,490.00 per month.

The second lease also contained on a separate page a rider which gave Burns & Wilcox the right of first refusal to rent Suite 108 when it became available in September of 1986. The rent for Suite 108 was fixed at $495.00 per month for the first year. Burns & Wilcox exercised their right of first refusal and took possession of Suite 108 as of October 1, 1986.

AFC Properties made some improvements to Suite 108 when Burns & Wilcox took possession of the suite. These changes were paid for by Burns & Wilcox.

During the winter of 1986–87, Burns & Wilcox needed even more space to accommodate its operations. Out of this need for more space, a dispute arose as to whether or not Burns & Wilcox entered into a binding agreement with AFC Properties to lease Suite 107B in the Keystone Complex.

The parties agree on a number of facts. In January of 1987, the parties entered a series of negotiations on Burns & Wilcox's need for more space. Both parties signed a letter dated January 26, 1987 titled "Addendum to Lease" (hereinafter addendum). Herbert Kaufman, the president of Burns

& Wilcox, signed the addendum on behalf of Burns & Wilcox. Lucien Foulke, Jr. signed the addendum on behalf of AFC Properties. The addendum states:

Addendum to Lease dated January 30, 1986 between AFC Properties STL #3 (Landlord) and Burns & Wilcox, Ltd. (Tenant).

Tenant shall occupy Suite 107B, 536 square feet, as is, for a rental rate of $712.50 per month, $8,550.00 annually, beginning February 1, 1987 through February 28, 1988.

In February of 1987, the parties negotiated to modify the space that Burns & Wilcox occupied so that the company would have an office to meet its needs. Shirley Gafney, the employee of AFC Properties who handled the negotiations with Burns & Wilcox, obtained bids for the cost of the work that Burns & Wilcox requested. The bids were between $10,000 and $11,000. At this time, the parties could not agree on who should pay for the remodeling. Burns & Wilcox refused to pay for the changes. In exchange for paying for the changes, AFC Properties wanted to extend Burns & Wilcox's lease for three more years. Burns & Wilcox would only agree to an 18 month extension. Unable to agree, Burns & Wilcox moved out of its office space at the Keystone Complex as of July 10, 1987. Burns & Wilcox consistently paid their rent on time for Suites 108–110 through July 31, 1987. At the same time, Burns & Wilcox never paid any rent at any time for Suite 107B. Burns & Wilcox did not occupy Suite 107B, but there is evidence that they stored boxes in Suite 107B and that an auditor from the Missouri Department of Insurance used a desk in Suite 107B for two days while he was auditing Burns & Wilcox's books. The secretary at Burns & Wilcox had the key to let the auditor into Suite 107B. There is conflicting evidence whether AFC Properties asked for the rent for Suite 107B before the negotiations to modify the office space broke down.

Plaintiffs filed suit for recovery of $4,020.60 in back rent on Suite 107B. Later plaintiffs filed their First Amended Petition to also include the rent due for Suites 108–110. The First Amended Petition asked for the total rent of $9,008.10 for the lease on Suite 107B which ran through February 28, 1988.

In September of 1987, Burns & Wilcox offered AFC Properties $15,000 in full settlement for all claims for rent due through February 28, 1988. The settlement offer would have paid all the rent due on Suites 108–110 from August 1, 1987 to the end of the original lease term plus $1,105.00 for plaintiffs' attorneys fees. AFC Properties rejected this settlement offer because it would have had to give up its claim for any rent due on Suite 107B.

On March 17, 1988, the parties filed a stipulation which provided that Burns & Wilcox had paid all rent due for Suites 108–110 through February 28, 1988, and had paid all interest due for the late payment of these back rents. The stipulation also provided that Burns & Wilcox would be entitled to a credit in the amount of $990.00 against any final judgment entered on plaintiffs' First Amended Petition.

The court entered its order for the plaintiff to recover from the defendant the sum of $1,190.60, $–0– interest, plus $1,000.00 for attorneys' fees for an aggregate sum of $2,190.60 plus court costs of $20.00.

AFC Properties filed its post-trial motion for amendment of judgment which was heard and denied. On appeal, the plaintiffs claimed that the trial court erred in: 1) finding the addendum to be a valid contract but then failing to enforce its terms; 2) failing to order the respondent to pay interest on all back rent; 3) failing to take into account the stipulated amount; and 4) awarding attorney's fees that "were less than reasonable."

■■■ If the trial court's judgment is supported by any reasonable theory, it should be affirmed. *May Department Stores Company v. Adworks, Inc.,* 740 S.W.2d 383, 386 (Mo.App.1987). Where the judge makes no findings of fact, the facts are deemed to have been found in accordance with the result reached. *Irwin v. Irwin,* 678 S.W.2d 861, 862 (Mo.App.1984). The plaintiffs' petition based their claim for recovery on the existence of an express

contract for the rental of Suite 107B. However, pursuant to Rule 55.33(b), the plaintiffs' complaint was amended to conform to the evidence presented at trial to include a count of quantum meruit. Shirley Gafney, who conducted the negotiations for plaintiffs, testified without objection that she saw "somebody" in room 107B. Joan Brown, an employee of the plaintiffs and familiar with space 107B testified, without objection, that she often saw boxes in room 107B and one day there was a child in a blanket playing with some toys. Although plaintiffs pleaded an express contract, the court could well have found from the evidence that, despite the addendum, negotiations were continuing, that the addendum was not a binding agreement, and that the plaintiffs were entitled to reasonable value for defendant's use of the premises. Since this evidence was introduced without objection, the pleadings were amended to conform to the evidence so that a judgment, based on quantum meruit, was supported by the evidence. Pleadings may be considered to be amended to conform to the evidence even when the amendment is not in fact made. *Condos v. Associated TransPorts, Inc.*, 453 S.W.2d 682, 690 (Mo. App.1970). Thus, we affirm the award to the plaintiffs in the amount of $1,190.60.

The second point on appeal is that the judge failed to order the defendant to pay interest on all back rent. However, since the court apparently based its judgment on quantum meruit and not on the lease, the plaintiffs are not entitled to an award of interest.

Next, the plaintiffs contend that the court erred in failing to mention the stipulated provision regarding the mitigation. However, there is no evidence to suggest that the judge did not take the mitigation into account before he entered his judgment. Thus, we affirm the award of $1,190.60.

The plaintiffs contend that the award of $1,000.00 in attorney's fees is "less than reasonable." The trial court judge is the expert on the question of attorney's fees, and his decision should not be disturbed unless there is a manifest abuse of discre-

tion. *Arnett v. Johnson*, 689 S.W.2d 836, 838 (Mo.App.1985). We find that there was no abuse of discretion, and the award of $1,000.00 in attorney's fees is affirmed. Thus, all of plaintiffs points are denied, and the judgment is affirmed.

SIMON, C.J., and SIMEONE, Senior Judge, concur.