**RICHARD'S ORIGINAL LONG CREEK LODGE, Plaintiff–Appellant,**

v.

**SEYMOUR INN, INC., Defendant–Respondent.**

No. 16316.

Missouri Court of Appeals,
Southern District,
Division Two.

June 28, 1990.

Peter H. Rea, Branson, for plaintiff-appellant.

Donald G. Cheever, Marshfield, for defendant-respondent.

HOGAN, Judge.

This appeal involves obligations under a contract to purchase real estate, fixtures, equipment and personal property owned by the plaintiff, a defunct Missouri corporation represented in this action by its statutory trustees. Plaintiff was the vendor, defendant the purchaser. The contract was executed November 15, 1985. On or about December 12, the vendor was advised by the purchaser that it could not perform. This action for a declaratory judgment, specific performance of the contract, and for other relief followed. The action was tried to the court without the aid of a jury. The court found the issues for the defendant and against the plaintiff. The plaintiff appeals. We affirm, bearing in mind that the judgment in a bench-tried case must be affirmed if it can be justified on any reasonable theory supported by the evidence. *Armstrong v. Burns & Wilcox, Ltd.*, 781 S.W.2d 209, 211[1] (Mo.App.1989); *Worlledge v. City of Greenwood*, 627 S.W.2d 328, 331 (Mo.App.1982). A further rule of appellate review germane to this case is that this court may consider all the evidence it finds to be admissible even if the trial court has rejected it or held it to be inadmissible. *Rule 73.01(c)(3)* [1]; *Adams v. Foster*, 466 S.W.2d 706, 708[1] (Mo.1971); *St. Paul Fire & Marine Ins. Co. v. Starr*, 651 S.W.2d 517, 520 (Mo.App.1983); *Ruckman & Hansen v. State Highway Commission*, 546 S.W.2d 500, 502 (Mo.App. 1976). We also note carefully that we should, and do, limit our opinion to those questions essential and necessary to a proper disposition of the appeal. *State v. State Tax Commission of Missouri*, 651 S.W.2d 130, 133 (Mo.banc 1983); *Sheinbein v. First Boston Corporation*, 670 S.W.2d 872, 881 (Mo.App.1984).

As the dispositive question on appeal turns upon a construction of the terms of the contract and that construction depends primarily upon the intention of the parties as deduced from the language of the contract, the circumstances existing at the time the contract was executed and the purpose for which the contract was executed, it is appropriate to recite some of the background facts as they appear of record.

The property which is the subject of the contract is a resort, in the sense that that noun denotes a place providing recreation and entertainment, especially to vacationers. It is located on the Clearwater arm of Table Rock Lake. The property was heavily mortgaged and the note secured by the mortgage was in default when the contract

1. References to statutes and rules are to RSMo 1986 and V.A.M.R.

was made. The record suggests that the plaintiff had been declared bankrupt when the contract for sale was executed and that the contract was executed with permission and approval of the bankruptcy court. It is inferable from the record that a number of specific claims, claims enforceable in bankruptcy, were being made against the plaintiff at the time the contract was executed. Among other things, the plaintiff was delinquent in its payment of sales and real property taxes and in its payment of insurance premiums. In August 1985, plaintiff's trustees had unsuccessfully attempted to sell the property at auction for a sum sufficient to avoid foreclosure. In this financial atmosphere, plaintiff negotiated the sale of Richard's Original Long Creek Lodge, Inc., to the defendant.

■ The contract, which is before us as plaintiff's exhibit 1, provides, as we have said, that the vendor will sell and the purchaser will buy " ... all real estate including land and improvements thereon and fixtures affixed to realty, and all personal property, fixtures and equipment owned by Seller on Clear Water Arm of Table Rock Lake, Branson, Missouri." Paragraph 3 of the contract provided the sale was to be closed on or before December 7, 1985. Paragraph 4 of the contract is of particular interest. In pertinent part, it reads:

"4. Performance of this contract by Buyer is subject to the following contingencies:

A. Buyer obtaining a loan for the amount necessary to pay off Centerre Bank.[2]

B. Appraisal of at least $220,000 on the real and personal property covered by this contract.

C. Seller providing a tax clearance letter from the Department of Revenue as to all amounts owed to the State of Missouri and any interest and penalties...."

In our view, the merits of the case and of the appeal depend upon a proper construction of Paragraph 4 of the contract. Limiting our ruling to the facts of this case, we believe that subparagraphs A and C of paragraph 4 of the contract both state conditions precedent to the purchaser's duty to perform. Plaintiff, in compliance or attempted compliance with Rule 55.16, averred generally that all conditions precedent had been performed or had occurred. Nevertheless, the trial court held that evidence that defendant was unable to perform because it could not obtain financing was inadmissible to excuse defendant's failure to perform, even though that evidence was substantially uncontradicted.[3]

We realize that "subject to financing" provisions in contracts for the sale of real property are sometimes construed as conditions subsequent. See, e.g., *Koontz v. Lee*, 737 S.W.2d 766, 768 (Mo.App.1987); *Flores v. Baker*, 678 S.W.2d 884, 886–87[1] (Mo. App.1984). Nevertheless, other precedents, never overruled, hold unequivocally that "subject to financing" clauses are conditions precedent to the purchaser's duty to perform; *Doerflinger Realty Company v. Maserang*, 311 S.W.2d 123, 128 [4, 5] (Mo. App.1958); others indirectly hold as much. *Highland Inns Corp. v. American Landmark Corporation*, 650 S.W.2d 667, 672–674 [6–9] [10] [11] (Mo.App.1983). For our purposes, it is unnecessary to resolve the apparent conflict of authority. Both the encyclopedias and the collations of authority indicate that whether a "subject to financing" provision creates a condition precedent to the purchaser's duty to perform depends upon the intention of the parties as deduced from the language of the contract, the circumstances in which the contract was executed and the purpose sought to be accomplished by the contract. *Annot., 81 A.L.R.2d 1338, 1340 § 1[b] (1962); 77 Am.Jur.2d Vendor and Pur-*

---

**2.** As of the date of the contract, the amount due Centerre Bank of Branson was $145,967.72.

**3.** Defendant's president testified: "Q. Now, also, part of the purchase price was to be in the form of a loan to be applied for by Seymour Inn; is that correct? A. That's correct. Q. Was there ever a loan obtained by Seymour Inn? A. No, sir. Q. Did Seymour Inn ever have financing to close this deal? A. No sir. No sir."

*chaser § 66 pp. 251–52 (1975).*[4] Given the circumstances in which the contract at hand was executed, it seems clear to us that the procurement of financing by the purchaser was a condition precedent to its duty to perform. The vendor's purpose was to stave off foreclosure by its principal creditor. The foreclosure had been scheduled for September 9, 1985 and only the prospect of a sale to a solvent purchaser avoided the foreclosure. We are not advised why the trial court first admitted and then refused to allow development of evidence that the purchaser was unable to obtain financing, but there was substantial evidence that it could not do so. Inability to obtain financing, as we have just indicated, excused the purchaser's performance, and the judgment could be affirmed on that ground.

 We need not, however, place our ruling solely upon the defendant's inability to obtain financing. Subparagraph C of paragraph 4 requires the vendor to furnish a "tax clearance" letter showing payment of all taxes due the State of Missouri, plus interest and penalties. It is clear from the record that no such "tax clearance" letter was ever furnished. The purchaser was under no obligation to perform until the "tax clearance" letter was furnished. The general rule—which we consider to be applicable here—is that a vendor in default in the payment of taxes or the discharge of an encumbrance under a provision explicitly obligating him to pay or discharge the same, cannot maintain an action to recover the purchase money due. *Annot., 101 A.L.R. 526, 527 (1936).* The plaintiff's failure to discharge its tax liability operated, in our view, to bar this action for breach of the contract.

To sum up our holding, and again emphasizing that our ruling is confined to the facts before us, we find that: 1) The "subject to financing" clause which appeared as paragraph 4.A. of the contract operated as a condition precedent to the defendant's duty to perform. Inasmuch as the defendant was unable to obtain financing, its duty to perform was excused. 2) Plaintiff's failure to pay the taxes due at the time of sale and to provide a "tax clearance" letter precluded the plaintiff from enforcing the contract. The judgment should be, and is, affirmed.

FLANIGAN, P.J., concurs.

MAUS, J., concurs in result.

SHRUM, J., not participating because not a member of the court when case was submitted.

---

4. Those interested, if any, in the construction of "subject to financing" clauses in interim contracts for the sale of realty may consult Professor Ray Aiken's discussion of that subject. See *R. Aiken, "Subject to Financing" Clauses in Interim Contracts for Sale of Realty,* 43 Marquette L.Rev. 265 (1960). Professor Aiken concludes, among other things, that " ... It is difficult to perceive, except in cases involving waiver of the condition by purchaser, how a reference to uncertain purchase-money financing could be intended as anything but a conditioning of the obligation...." *R. Aiken, supra,* 43 Marquette L.Rev. at 271, n. 10.