**Ruby PHILLIPS, Trustee of the Legacy Trust, Plaintiff/Respondent,**

v.

**Charles BOWDEN, Terry Mungle, and Fred Yeager, Defendants/Appellants.**

No. 71023.

Missouri Court of Appeals, Eastern District, Division Three.

May 27, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 14, 1997.

Application to Transfer Denied Aug. 19, 1997.

---

James G. Krispin, Paul T. Krispin, Jr., Clayton, for appellant.

Charles S. Kramer, Matthew D. O'Leary, St. Louis, for respondent.

GRIMM, Judge.

In this real estate sale contract dispute, plaintiff/seller filed a summary judgment motion. She contended that defendants/buyers failed to secure financing before the date specified in the contract, "and thus the contract became null and void by its own terms."

The trial court agreed, concluding that "seller has no obligation under the sales contract." Buyers appeal and raise two points. The second is dispositive. The trial court erred because it could not determine from the record before it that seller was entitled to judgment as a matter of law. We reverse and remand.

## I. Background

The summary judgment facts disclose the following. On February 20, 1994, seller and buyers entered into a real estate sale contract. This contract reads, in pertinent part:

This contract is contingent upon the availability to [buyers] of financing, as set forth below, to be secured by deed or deeds of trust on said property. If commitment therefor be not obtained by noon of *March 31, 1994,* this contract shall be null and void and earnest deposit returned to [buyers]. Said financing being as follows:

*[Buyers] to obtain financing from Bank or Savings & Loan in Florida. If [buyers] can obtain an adjustable rate mortgage of 6% per annum or better, such financing shall be deemed acceptable by [buyers] and the contingency shall be deemed satisfied.* (Underlined portion is handwritten).

Buyers applied for financing with their mortgage broker on February 22, 1994. They did not secure a written financing commitment from a lender prior to March 31. However, mortgage broker said that based on the buyers' qualifications and tax returns, he did not see any problem in obtaining the requested financing. The ultimate lender did not indicate an agreement to lend funds until April 18, and did not issue a written commitment until April 20.

Nonetheless, an affidavit of one of the buyers says that he spoke with plaintiff's son, who was acting as her agent, before noon on March 31. At that time, he told agent that they "could obtain satisfactory financing" and they "unequivocally stated their intent to proceed with the sale regardless of the obtaining of a written commitment by noon on March 31st."

Agent acknowledges receiving the call. He said that he was told that they did not have the financing, but that buyers were getting it "and that they wanted to go forward with the deal. And I said fine, call me back."

Agent said the same person called him back in a couple of days. He told agent that buyers did not have the financing on Friday, but did on Saturday.

On April 6, seller's attorney wrote one of the buyers. The letter said that due to the failure to obtain the financing commitment by noon of March 31, "the contract dated February 20, 1994 is null and void." In addition, the earnest deposit check was returned to buyers.

Seller filed a petition for declaratory judgment, seeking a declaration that she had no obligation under the contract. Buyers counterclaimed, requesting specific performance and damages. Seller then filed a motion for summary judgment, supported by affidavits, depositions, and exhibits. Buyers responded, also filing supporting documents. As indicated, the trial court granted seller's motion and this appeal followed.

## II. Satisfaction of Financing Contingency

Buyers allege the trial court erred in sustaining the motion for summary judgment. They contend they "presented competent evidence demonstrating that [they] could obtain financing at 6% per annum or better before the deadline ... and therefore said contingency was deemed satisfied."

We must view the record in the light most favorable to the party against whom summary judgment was entered. *ITT Commercial Finance v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.banc 1993). In addition, our standard of review requires us to give the non-movant the benefit of all reasonable inferences from the record. *Id.* Our review is essentially de novo. *Id.*

The financing contingency provision in this contract is not detailed. For example, it does not state the amount of the financing to be obtained or its terms. Nor does it require the "availability to purchaser of financing" be established by a writing. In addition, nothing in the provision requires buyers to notify seller regarding the satisfaction of the financing contingency. Cf. *Koontz v. Lee*, 737 S.W.2d 766, 767 (Mo.App. W.D.1987) (agreement required buyer to furnish seller a copy of signed loan commitment approval or denial within five business days of the date of such commitment advice).

Further, the handwritten addition to the provision says that if buyers "can obtain" a six per cent adjustable rate mortgage, "the contingency shall be deemed satisfied." The summary judgment facts, in a light most favorable · to the nonmovant, indicate that buyers could have obtained the loan. The mortgage broker advised buyers that, based on buyers' qualifications, he did not see any problem in getting the loan. Additionally, on March 31, the broker sent a fax to the lender "locking" in a rate of less than six percent for the loan.

The summary judgment facts create a genuine issue as to a material fact, i.e. whether buyers could obtain the six per cent adjustable rate mortgage. Thus, seller was not entitled a judgment as a matter of law. Rule 74.04(c)(3). Point granted.

The trial court's judgment is reversed and the cause remanded for further proceedings.

CRAHAN, P.J., and HOFF, J., concur.