The L. E. MYERS CO.

v.

The UNITED STATES.

No. 362–79T.

United States Court of Claims.

March 10, 1982.

Sharon L. King, Chicago, Ill., attorney of record, for plaintiff. Richard M. Lipton and Isham, Lincoln & Beale, Chicago, Ill., of counsel.

Jay G. Philpott, Jr., Washington, D. C., with whom was Acting Asst. Atty. Gen. John F. Murray, Washington, D. C., for defendant. Theodore D. Peyser and Robert S. Watkins, Washington, D. C., of counsel.

Before NICHOLS, KASHIWA, and SMITH, Judges.

SMITH, Judge:

This is a suit for refund of highway use taxes assessed against plaintiff for the taxable years ended June 30, 1974, 1975, and 1976. Defendant, alleging a substantial variance from the grounds set forth in plaintiff's administrative claims for refund, has moved to dismiss from the petition plaintiff's contention that the Internal Revenue Service incorrectly calculated the taxable weight of the vehicles subject to tax. The Government also requests that two other issues, first directly brought to the Government's attention in pretrial proceedings, be dismissed for the same reason. The strenuous efforts of plaintiff's counsel, who

entered the case after the claims were filed, cannot overcome the fact that the variance does exist.

On May 30, 1978, plaintiff timely filed with the Service three claims for refund (Form 843) of highway use taxes for the tax years ended in 1974, 1975, and 1976. These claims disputed the Service's classification of plaintiff's vehicles as truck-trailer combinations rather than as single units and requested a refund of the taxes in their entirety. Because of the importance of the language of the claim to the result in this case, we set out the relevant text in its entirety.

> Taxpayer respectfully submits that based upon a reasonable interpretation of Internal Revenue Code Sections 4481 and 4482 and the regulations thereunder, good faith reliance on Rev.Rul. 57–547, and consistent I.R.S. policy in other related rulings, that taxpayer's vehicles are properly classified as "single units" *not* "truck-trailer combinations" for purposes of the use tax and therefore the I.R.S. assessment per the attached notices in the amount of [$105,929.99, $117,505.07, and $86,388.82, respectively] should be abated or refunded in its entirety. [Emphasis in original.]

The text was identical in all three claims.

Reading the claim for refund, we note that sections 4481 and 4482 impose the excise tax generally; Rev.Rul. 57–547, 1957–2 C.B. 789, addresses solely an issue involving pintle hooks on trucks; and "consistent I.R.S. policy," of course, provides no new information in assessing the basis of the claim. Plainly, the legal issue discussed in the claim is whether the existence of pintle hooks (which in essence are industrial trailer hitches) on utility trucks, without more, makes them truck-trailer combinations within the meaning of the code. This is a properly arguable point of law; however, plaintiff's victory on this issue would only result in a reduction of taxes, not in the entire abatement requested in the claim.

In its petition to this court, plaintiff included an additional assertion that the Service had incorrectly determined the taxable weight of the vehicles in question, and in pretrial proceedings plaintiff made it known that it disputed, as a matter of fact, whether any of these vehicles were equipped with pintle hooks and, as a matter of law, whether they were highway vehicles at all within the meaning of the code. Together, these last three claims, if successful, would abate the tax in its entirety, as requested in the original claim.

The familiar question here is whether the general prerequisite to suit in this court imposed by I.R.C. § 7422(a), that the taxpayer raise the contested issues in its claim to the Service, requires dismissal in this case. Defendant urges a strict construction of this prerequisite; plaintiff argues that the claim for an entire refund necessarily encompassed the subsequently raised issues.

Section 7422(a) of the code states that no suit for refund shall be maintained in any court "until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." Section 7422(h)(1) references chapter 65 of the code, under which the following regulation has been promulgated:

> The claim must set forth *in detail each ground* upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the *exact basis* thereof. * * * [1] [Emphasis supplied.]

It is well established that the requirement of detail in setting forth claims is mandatory and that it must be scrupulously observed.[2]

Plaintiff cannot dispute that the claim failed to specify each objection it eventually made to the assessment. The single unit issue clearly does not by itself encompass

---

1.  Treas.Reg. § 301.6402–2(b)(1) (1967).

2.  10 Mertens, The Law of Federal Income Taxation § 58.17 (1976 rev. ed. & Supp. 1981).

the weight, hook existence, and highway vehicle issues.[3] So, plaintiff argues that the inconsistency in the claim—between its demand for entire relief and the partial relief actually available on the single ground discussed—should have made clear to the Service that the claim really encompassed a general demand for relief from all taxes imposed under sections 4481 and 4482. In other words, having failed to raise the later three issues specifically, plaintiff claims to have raised them generally.

In the first place, however, there is absolutely no basis in the text of the claim to prefer plaintiff's interpretation, in which the "entirety" language overrides the single ground discussed, to an interpretation in which the entire refund language is erroneous or protective. It would be perfectly reasonable to read the demand for refund "in its entirety" as simply erroneous and having no independent meaning. An inconsistency in the text of the claim is certainly an extremely obscure and elliptical way to inform the Service of anything substantive. If the *grounds* are established, the *amount* is a matter of computation. In addition, the demand for relief here is a phrase located at the end of a substantial paragraph, connected to the paragraph by "therefore." This suggests that the demand for relief follows from, and only from, the ground stated.

■ It would also be reasonable to believe that the demand for refund "in its entirety" was intended to protect the taxpayer against being estopped from recovering the full amount to which it was entitled.

It is not unusual for the *amount* legally refundable, attributable to the *stated grounds*, to be incapable of being stated with particularity at the time the claim for refund must be filed. Commentators have warned taxpayers to be careful not to understate the amount requested, by, for example, including the phrase "or such greater amount as is legally refundable."[4]

Even if plaintiff's broad interpretation is accepted, however, plaintiff is left to contend with the other horn of its dilemma: the claim is too general. General notice that a taxpayer wants his entire tax refunded—which is all we are left with under plaintiff's suggestion that we more or less ignore the specific ground stated—is insufficient.[5] It leaves open any number of grounds upon which plaintiff might be objecting to the imposition of the tax. The whole point of the regulation is to avoid forcing the Service to guess at the basis of a claim for refund and to permit the Service promptly to investigate its merits. It is of no consequence that a general objection to the tax imposed does in fact encompass all of the disputed calculations; the idea is to inform the Service *which ones* out of the plenitude are disputed, and that was patently not done here. The proper way of presenting a refund claim is to list all of the grounds for refund.[6] If plaintiff really did originally intend to raise the later three issues, it could have listed them in the original claim.

Plaintiff's reliance on *National Forge & Ordnance Co. v. United States*, which held that extreme particularity is not required and that notice may be implicit, is mis-

---

3. *See John B. Lambert & Assocs. v. United States*, 212 Ct.Cl. 71, 86–87 (1976); 10 Mertens, The Law of Federal Income Taxation § 58.17, *supra* note 2.

4. Garbis & Frome, Procedures in Federal Tax Controversies 10.12 (1968).

5. Treas.Reg. § 301.6402–2(b)(1); *Gindes v. United States*, 228 Ct.Cl. - , ——, 661 F.2d 194, 202 03 (1981); *Union Pac. R. R. v. United States*, 182 Ct.Cl. 103, 108- 10, 389 F.2d 437,

442–43 (1968), *cert. denied*, 395 U.S. 944, 89 S.Ct. 2017, 23 L.Ed.2d 462 (1969); *National Forge & Ordnance Co. v. United States*, 139 Ct.Cl. 222, 223, 151 F.Supp. 937, 941 (1957); 10 Mertens, The Law of Federal Income Taxation § 58.17, *supra* note 2.

6. *Kellogg-Citizens Nat'l Bank v. United States*, 165 Ct.Cl. 452, 458, 330 F.2d 635, 639 (1964); Garbis & Frome, Procedures in Federal Tax Controversies, *supra* note 4, at 10.13–10.14, 12.7–12.9. *See also* Garbis & Schwait, Tax Refund Litigation 48 -49 (ALI- ABA 1971).

placed.[7]  *National Forge* involved a far closer fit between the general issue to which the taxpayer objected in its claim and the subsidiary issues raised in its suit. The case does not stand for the proposition that any time an assessment is challenged the Service must be prepared to document every possible issue raised by its determination of the tax.[8]

Here, for example, under plaintiff's theory the claim put the Service on notice of all of the issues actually raised, as well as disputes about whether plaintiff is a proper taxpayer (for any number of reasons), whether plaintiff is actually a construction company, whether it is involved with public utilities (public or private? utility or not?), whether it owns any trucks at all, and on and on. If the specific issue discussed in the text of the claim is viewed as simply one example of the issues raised, we are left with a bare demand for refund of the entire tax and such a demand is simply too general.

Combined, the problems of over-specificity and overbreadth put plaintiff in the worst possible position. Where the claim for refund is, as plaintiff asserts, broad and general, the listing of a specific ground is certain to lead the Service to consider that specific ground to the exclusion of all other possibilities. In such a case, the Service is not just uninformed, it is misled.[9]

Finally, we note that a limitations policy is involved here. The original claim flagged a legal issue: *given* the existence of pintle hooks, what was the proper treatment? If we were to permit plaintiff at this point to pursue factual questions for the first time, the relevant evidence—detailed facts and figures—would be nearly 9 years old. Certainly one reason for requiring all issues to be raised to the Service at the outset is that a factual investigation can take place.[10]  This policy would not be served by permitting litigation of the later-raised issues in this case.

It would not be proper on this motion to rule on the issues raised informally in pre-trial proceedings. We hold that the sentences in the petition referring to a dispute concerning the weight of plaintiff's vehicles must be dismissed because the claim for refund was "sufficient to cause the Commissioner to consider" only the narrow legal question of the significance of the existence of pintle hooks on plaintiff's vehicles.

Based on the foregoing, and without hearing oral argument, we grant defendant's motion and dismiss the seventh sentences of paragraphs 8, 17, and 26 of the petition. The case is returned to the trial division for further proceedings consistent with this opinion.

---

7.  *National Forge & Ordnance Co. v. United States, supra* note 5, 139 Ct.Cl. at 223–24, 151 F.Supp. at 942.

8.  *Union Pac. R. R. v. United States, supra* note 5, 182 Ct.Cl. at 113–14, 389 F.2d at 444–45; *Herrington v. United States*, 416 F.2d 1029, 1032 (10th Cir. 1969).

9.  *See Gindes v. United States, supra* note 5, 228 Ct.Cl. at —, 661 F.2d at 202–03; *Union Pac. R. R. v. United States, supra* note 5, 182 Ct.Cl. at 109, 389 F.2d at 442–43; *Alabama By-Products Corp. v. Patterson*, 258 F.2d 892, 900 (5th Cir. 1958), *cert. denied*, 358 U.S. 930, 79 S.Ct. 318, 3 L.Ed.2d 303 (1959).

10.  *Union Pac. R. R. v. United States, supra* note 5, 182 Ct.Cl. at 109, 389 F.2d at 442.