**ST. LOUIS SOUTHWESTERN RAILWAY CO., Appellant,**

v.

**STATE TAX COMMISSION, Respondent.**

No. 68014.

Supreme Court of Missouri, En Banc.

Aug. 1, 1986.

Katrina Bakewell, Louis F. Bonacorsi, St. Louis, for appellant.

William L. Webster, Atty. Gen., Melodie A. Powell, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERTSON, Judge.

Taxpayer, St. Louis Southwestern Railway Company (hereafter "taxpayer"), appeals from a judgment of the circuit court affirming the decision of the State Tax Commission (hereafter "the Commission"), denying taxpayer leave to amend its petition for review of a franchise tax determination. At issue are the procedural requirements for obtaining a refund of state taxes. This case, therefore, involves the construction of the revenue laws of this state. We have jurisdiction pursuant to Mo. Const. art. V, § 3. The judgment of the circuit court is affirmed.

**I.**

Our review of the Commission's decision is ordinarily limited to whether that decision was "supported by competent and substantial evidence upon the whole record, or whether it was arbitrary, capricious, unreasonable, unlawful or in excess of its jurisdiction." *Evangelical Retirement Homes of Greater St. Louis, Inc. v. State Tax Commission*, 669 S.W.2d 548, 552 (Mo. banc 1984); § 536.140.2, RSMo 1978. Since this case involves only the application of the law to the facts, this Court could also determine the relevant facts for itself, giving due deference to the Commission's expertise and opportunity to observe the witnesses. *Id.;* § 536.140.3, RSMo 1978. However, for present purposes the relevant facts are undisputed.

In April, 1975, taxpayer filed a franchise tax report for the tax year 1975 as required by § 147.020, RSMo 1978 (amended Laws of Missouri, 1979, p. 343), showing Missouri taxable assets of $57,793,028. Taxpayer paid the $28,897.00 its tax report showed due. Subsequently, the Director of Revenue issued taxpayer a franchise tax state-

ment showing a tax liability of $29,629.25 on assets of $59,258,502. Taxpayer paid and protested the additional $742.83 in tax and interest due. On June 27, 1975, taxpayer filed a claim for refund of franchise tax paid in the amount of $742.83. The stated ground for the claim for refund was that

The method used in determining the 1975 corporate franchise tax against the St. Louis Southwestern Railway Company was erroneous.

Taxpayer and the Director of Revenue attempted to reconcile the $742.83 difference unsuccessfully. The Director of Revenue issued his final tax determination on January 21, 1976, refusing taxpayer's claim for refund.

Pursuant to § 138.430, RSMo 1978 (amended Laws of Missouri, 1983, p. 430), taxpayer filed its Petition for Review with the State Tax Commission on March 12, 1976. Taxpayer claimed error in the Director's inclusion of investments in stock and debt obligations of various companies "not located in the State of Missouri and whose assets were not employed within the State of Missouri" with taxpayer's capital and surplus. Taxpayer also challenged the Director's decision to include in its capital and surplus items in cash held by the taxpayer for its employees including payroll deductions, federal income tax withholdings, state and local tax withholdings, employee deductions for United States savings bonds, and funds being held for distribution to bondholders upon presentation of the bondholders' coupons.

On January 16, 1979, taxpayer sought to continue its hearing for an indefinite time because "the matters which would be covered at the hearing are essentially identical to issues which are involved in two other hearings scheduled before the Commission ... involving the Missouri Pacific Railroad Company and the St. Louis-San Francisco Railway Company...." The motion did not indicate the nature of the "essentially identical" issues which would be addressed in these other hearings.

Following a resolution in those proceedings, the Commission held an evidentiary hearing on taxpayer's petition for review on September 20, 1982. The Director and taxpayer filed a stipulation of facts. On March 14, 1983, taxpayer sought to file an amended petition for review with the State Tax Commission which asserted a new, third ground for protest in addition to the two previously stated grounds, claiming that the Department of Revenue

failed to reduce surplus of petitioner by the amount by which accelerated depreciation and amortization allowed for income tax purposes was greater than book depreciation for assets.[1]

To its amended petition for review, taxpayer attached an amended franchise tax report showing taxable Missouri assets reduced from $57,793,028 to $34,549,669, a new tax liability of $17,275 and a refund due taxpayer of $12,365. Taxpayer also filed a motion for leave to file its amended petition for review. The Commission denied taxpayer's motion. Taxpayer appealed to the circuit court. The circuit court affirmed the Commission's decision. Taxpayer's appeal to the Court of Appeals was ordered transferred to this Court. Mo. Const. art. V, § 11.

## II.

■ Section 136.035 RSMo 1978, states in pertinent part:

1. The director of revenue from funds appropriated shall refund any overpayment or erroneous payment of any tax which the state is authorized to collect....

* * * * * *

3. No refund shall be made by the director of revenue unless a claim for refund has been filed with him within two years from the date of payment. Every claim must be in writing under

---

1. Although not in the record, this issue was apparently resolved in favor of the taxpayer's asserted position in the Missouri Pacific Railroad Co. and St. Louis-San Francisco Railway Company cases.

oath and must state the *specific* grounds upon which the claim is founded. (Emphasis added).

The procedure provided in § 136.035.3 is the taxpayer's exclusive remedy for obtaining a tax refund. *Ellsworth Freight Lines, Inc. v. Missouri Highway Reciprocity Commission,* 568 S.W.2d 521, 524 (Mo. banc 1978), *cert. den.* 440 U.S. 901, 99 S.Ct. 1204, 59 L.Ed.2d 449 (1979); *State ex rel. Brady Motorfrate, Inc. v. State Tax Commission,* 517 S.W.2d 133, 137 (Mo.1974). In creating this exclusive remedy, we believe the General Assembly intended to avoid unnecessary appeals of tax refund matters by requiring taxpayers to seek a resolution of their claims for refund at the department level.

Such a procedure necessarily requires that the Director of Revenue be apprised of the grounds for the taxpayer's claimed refund in a manner which allows him to make a meaningful determination of the issues presented by the taxpayers. The whole point of the requirement of § 136.035.3 that the grounds upon which a claim is founded be specifically stated is to avoid forcing the Director to guess at the basis for the claim for refund and allow him to investigate the claim's merits promptly. *See L.E. Myers Co. v. United States,* 673 F.2d 1366, 1368, 230 Ct.Cl. 142 (1982) ("The whole point of the regulation is to avoid forcing the [Internal Revenue] Service to guess at the basis of a claim for refund and to permit the Service promptly to investigate its merits.") Administrative review and subsequent judicial review are necessary under this arrangement only to the extent that the Director of Revenue and the taxpayer are unable to reach an agreement as to the proper amount of taxpayer's tax liability.

In this case, taxpayer's broad assertion that the "method" employed by the Di-

rector in determining taxpayer's franchise tax liability was erroneous failed to apprise the Director of the specific grounds upon which its claim for refund was based.[2] Taxpayer's claim for refund filed June 27, 1975, therefore, failed to meet the requirements of § 136.035.3.

## III.

■ Taxpayer counters, however, claiming that its first amended petition, filed March 14, 1983, with the Commission, is but an amendment to its timely filed claim for refund. Implicit in taxpayer's argument is the assertion that the grounds for refund are now stated with sufficient specificity to meet the requirements of § 136.-035.3 and that amendments to claims for refund are allowed.

In this case we need not determine whether amended claims for refund are permitted or whether, if permitted, amended claims may be filed beyond the two year statutory period. In § 136.035.3, the legislature provided the taxpayer with a procedure to recover taxes erroneously collected and to that extent the state has consented to be sued. *Gas Service Co. v. Morris,* 353 S.W.2d 645, 655 (Mo.1962); *Ellsworth Freight Lines, supra* at 524. "When a state consents to be sued, it may be proceeded against only in the manner and to the extent provide by statute...." *Id.*

Section 136.035.3 requires that the taxpayer file its claim for refund with the Director of Revenue. This requirement permits the Director to investigate the merits of the claim prior to appeal in a manner consistent with the intent of the legislature previously discussed. Here, taxpayer failed to file its "amended" claim for refund with the Director of Revenue as required by the statute. The point is denied.

---

**2.** On reviewing this record, one is left with the distinct impression that this taxpayer simply discovered too late a different accounting method, employed by two other railroads to limit their franchise tax liability, which it wished it had utilized in filing its 1975 franchise tax report. Taxpayer apparently believed that its claim for refund was sufficiently broad to encompass the accounting theory which it wished it had employed. That the ground stated in the claim for refund is too general to meet the statutory requirement is obvious; the stated ground is broad enough to include taxpayer's newly discovered ground for refund.

## IV.

█ Finally, taxpayer urges that the Commission erred in denying its motion to file an amended petition for review "for the reason that the amendment was an attempt to submit an amended franchise tax report" which, taxpayer contends, is not precluded by law. We need not reach this point. Taxpayer failed to follow the exclusive procedures for obtaining a refund established in § 136.035.3. The filing of an amended franchise tax report, even if permitted by law, would be an act of futility; no refund can be made to taxpayer absent strict compliance with § 136.035.3.

The judgment of the circuit court is affirmed.

All concur.