**GOLDE'S DEPARTMENT STORES, INC., Appellant,**

v.

**DIRECTOR OF REVENUE, and Missouri Administrative Hearing Commission, Respondents.**

**No. 57061.**

Missouri Court of Appeals, Eastern District, Division Four.

June 19, 1990.

Juan D. Keller, Bryan, Cave, McPheeters & McRoberts, Brenda L. Talent, St. Louis, for appellant.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondents.

HAMILTON, Presiding Judge.

Appellant Golde's Department Stores, Inc. (hereinafter Golde's), a Missouri corporation, appeals the decision of the Administrative Hearing Commission (hereinafter Commission) upholding the Director of Revenue's denial of Golde's claim for sales tax refund. We reverse and remand.

Golde's is a retail department store that issues its own credit card. For the period of July, 1984 to March, 1988, Golde's computed its sales tax on the basis of its gross sales, not gross receipts. Thus, Golde's reported its credit sales in advance of receipt of the sales price and never collected some credit sales. Golde's began to report on the basis of gross receipts in July, 1988.

On May 31, 1988, Golde's filed a claim for a refund of overpaid sales tax in the amount of $176,920.73. The Director of Revenue (hereinafter Director) denied the refund claim on July 20, 1988. On August 19, 1988, Golde's filed a complaint with the Administrative Hearing Commission and reduced its claim to $81,976.80. At the hearing before the Commission on November 7, 1988, Golde's further reduced its claim to $75,548.

After a hearing the Commission upheld the Director of Revenue's denial of the claim. The Commission reviewed Section 144.190 RSMo 1986 and 12 CSR 10–3.242 and concluded

Petitioner has not obtained permission from Respondent to retroactively change reporting methods, nor has it made any showing that it should be allowed to. We read this rule as permitting a prospective change in reporting methods. To allow retrospective changes as Petitioner seeks would create an administrative nightmare of refilings which we believe is not contemplated by this rule. Further, we believe that taxes paid under a reporting election which later turns out to be disadvantageous is not what is intended by the term "erroneously ... computed" as used in § 144.190.2.

Our review of the Commission's decision is limited to whether that decision was "supported by competent and substantial evidence upon the whole record, or whether it was arbitrary, capricious, unreasonable, unlawful, or in excess of its jurisdiction." *St. Louis Southwestern Ry. v. State Tax Comm'n*, 713 S.W.2d 830 (Mo. banc 1986) quoting *Evangelical Retirement Homes of Greater St. Louis, Inc. v. State Tax Comm'n*, 669 S.W.2d 548, 552 (Mo. banc 1984). Decisions of an administrative agency based upon its interpretation of law are matters for the independent judgment of the reviewing court. *Daily Record Company v. James*, 629 S.W.2d 348, 351 (Mo. banc 1982).

Golde's asserts that the Commission erred in holding that its refund claim was improper because Sections 144.021 and 144.100 RSMo (1986) require that sales tax be computed and remitted on the basis of the amount of gross receipts from the sales of tangible personal property.

Section 144.100 RSMo (1986) states in pertinent part:

. . . .

(2) ... The returns shall show the amount of gross receipts from sales of taxable property and services by the person and the amount of tax due thereon by that person during and for the period covered by the return.

(3) In case of charge and time sales the gross receipts thereof shall be included as sales in the returns as and when pay-ments are received by the person, without any deduction therefrom whatsoever.

(4) If an error or omission is discovered in a return or a change be necessary to show the true facts, the error may be corrected, the omission supplied, or the change made in the return next filed with the director, as prescribed by law.

(5) The amount of gross receipts from sales and the amount of tax due returned by the person, as well as all matters contained in the return, is subject to review and revision in the manner herein provided for the correction of the returns.

The Director of Revenue states that 12 CSR 10–3.242 interprets the sales tax law as it applies to the gross sales reporting method and interprets and applies sections 144.021 and 144.100, RSMo. (1986). The rule states:

(1) The Director of Revenue may grant permission to file returns on the basis of gross amount of sales instead of gross receipts from sales. Permission occurs in cases where sellers keep their books in such a manner as to not readily reflect gross receipts and where unusual expense and difficulty would be incurred in preparing a return on the basis of gross receipts.

(2) Sellers who are now making returns on the basis of gross sales must continue to do so unless authorized in writing by the Director of Revenue to change to reporting on gross receipts. Sellers currently reporting on gross receipts, desiring to make returns on the basis of gross sales, must make a written request to the Director of Revenue for permission to do so.

(3) When permission to report and pay tax on the gross sales basis has been granted, no change to another form of reporting will be allowed except upon written authorization by the Director of Revenue. The Director of Revenue reserves the right to withdraw, at any time, permission to report on any other basis than gross receipts.

The term *gross receipts* is defined in § 144.010, subd. 1(3) as "the total amount

of the sale price of the sales at retail including any services other than charges incident to the extension of credit that are a part of such sales made by businesses herein referred to, capable of being valued in money, whether received in money or otherwise...."

Golde's asserts it has a right to the refund under § 144.190 V.A.M.S. (Supp.1990) which states in pertinent part:

(2) If any tax, penalty, or interest has been paid more than once, or has been erroneously or illegally collected, or has been erroneously or illegally computed, such sum shall be credited on any taxes then due from the person legally obligated to remit the tax under sections 144.-010 to 144.510, and the balance, with interest as determined by section 32.065, RSMo., shall be refunded to the person legally obligated to remit the tax, but no such credit or refund shall be allowed unless duplicate copies of a claim for refund are filed within three years from date of overpayment.

(3) Every claim for refund must be in writing under oath, and must state the specific grounds upon which the claim is founded.

■■■ Statutes that levy a tax are to be strictly construed against the Director and in favor of the taxpayer. *Norwin G. Heimos Greenhouse, Inc. v. Director of Revenue*, 724 S.W.2d 505, 509 (Mo. banc 1987); *Canteen Corp. v. Goldberg*, 592 S.W.2d 754, 756 (Mo. banc 1980). Where the language of a statute is clear and unambiguous, there is no room for construction. This Court must be guided by what the legislature said. *Metro Auto Auction v. Director of Revenue*, 707 S.W.2d 397, 401 (Mo. banc 1986). Sections 144.021 and 144.-100, by their terms, impose a tax based on gross receipts, not gross sales. *See Centerre Bank v. Director of Revenue*, 744 S.W.2d 754, 759 (Mo. banc 1988); *Star Service & Petroleum v. Administrative Hearing Comm'n*, 623 S.W.2d 237, 238 (Mo. banc 1981); *Farm & Home Savings Assoc. v. Spradling*, 538 S.W.2d 313, 316 (Mo. 1976).

Regulation 12 CSR 10–3.242 purports to allow retailers to depart from the statutory requirements if they receive permission from the Director of Revenue. Moreover, it requires retailers reporting on a gross sales basis to continue reporting gross sales, contrary to the statutory requirements.

■ The Director contends that § 144.270 RSMo. (1986) authorizes the regulations. Section 144.270 states:

For the purpose of more efficiently securing the payment of and accounting for the tax imposed by sections 144.010 to 144.510, the director of revenue shall make, promulgate and enforce reasonable rules and regulations for the administration and enforcement of the provisions of sections 144.010 to 144.510.

Nothing in § 144.270 permits the Director of Revenue to vary the requirements of the tax provisions. The scope of the Director's rule-making power is limited to making and promulgating rules for the administration and enforcement of the tax statutes. Regulations may be promulgated only to the extent of and within the delegated authority of the statute involved. *Hearst Corp. v. Director of Revenue*, 779 S.W.2d 557, 558–59 (Mo. banc 1989). Erroneous regulations are a nullity. *Id.* at 559. Regulation 12 CSR 10–3.242 purports to give the Director of Revenue authority to approve a non-statutory sales tax reporting method and to require those retailers using a non-statutory reporting method to continue that erroneous reporting method.

■ The Director also maintains Golde's claim was properly denied because it failed to conform to the statutory requirements for a refund claim. We disagree. Respondent cites *St. Louis Southwestern Ry. Co. v. State Tax Comm'n*, 713 S.W.2d 830, 832 (Mo. banc 1986) and *International Business Machines v. Director of Revenue*, 765 S.W.2d 611 (Mo. banc 1989), for this proposition. In *International Business Machines v. Director of Revenue* the refund request was in the broad terms, "the fact that this tax amount was paid in connection with the marketing of computer programs and such activity has been declared not

subject to tax in *James v. Tres Computer Systems, Inc.* [642 S.W.2d 347 (1982) ]...." *Id.* at 612. In *St. Louis Southwestern Ry. Co.*, the Supreme Court explained the rationale for exclusive remedies and specificity in the refund request. The Court noted,

> In creating this exclusive remedy [§ 136.035.3], we believe the General Assembly intended to avoid unnecessary appeals of tax refund matters by requiring taxpayers to seek a resolution of their claims for refund at the department level.
>
> Such a procedure necessarily requires that the Director of Revenue be apprised of the grounds for the taxpayer's claimed refund in a manner which allows him to make a meaningful determination of the issues presented by the taxpayers. The whole point ... is to avoid forcing the Director to guess at the basis for the claim for refund and allow him to investigate the claim's merits promptly.

*St. Louis Southwestern Ry. Co.*, 713 S.W.2d at 832. The railway company requested a refund of franchise tax because "[t]he method used in determining the 1975 corporate franchise tax against the St. Louis Southwestern Railway Company was erroneous." *Id.* at 831.

Golde's refund claim stated that a refund of overpayment was necessary "to conform to gross receipts method (statutory method) instead of non-statutory gross sales method." Golde's request was neither the broad statement of error found in *St. Louis Southwestern Ry. Co.* nor the broad reference to another case found in *International Business Machines*. To the contrary, the testimony of the auditors demonstrates that they understood the nature of the claim. The auditors specifically testified the denial was based upon the regulations, not upon a failure to conform to claim requirements; and the Commission noted that "Respondent has admitted in its answer that Petitioner has complied with these [claim] procedures."

The regulations purporting to create an alternative reporting method to the statutory gross receipts method are beyond the scope of the statute and the authority of the Director of Revenue. Golde's claim for refund was improperly denied based on 12 CSR 10–3.242. We reverse the denial of Golde's refund claim and remand the matter to the Commission for the entry of findings regarding the amount of refund to which Golde's is entitled.

CARL R. GAERTNER and STEPHAN, JJ., concur.