George R. WERTZ, Jr., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 00–418 T.

United States Court of Federal Claims.

Jan. 9, 2002.

---

George R. Wertz, Jr., pro se, for plaintiff.

Rozella A. Oliver, Tax Division, U.S. Department of Justice, Washington, D.C., with whom was Claire Fallon, Acting Assistant Attorney General, Mildred L. Seidman, Chief, Court of Federal Claims Section and David Gustafson, Assistant Chief, Court of Federal Claims Section.

## OPINION

ALLEGRA, Judge.

In the run-of-the-mill tax refund suit, the income tax is paid, a formal claim for refund is filed, the claim is denied by the IRS, and a

properly-pedigreed refund suit is born. But the simplicity of this normal progression masks the complexity of the underlying provisions of the Internal Revenue Code that govern this process—provisions whose language and interplay the Supreme Court has aptly observed are "not simple." *United States v. Brockamp*, 519 U.S. 347, 350, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997). This complexity—lurking in most refund suits—is fully on display in the instant case, which, beyond peradventure, is not a prototypical refund suit. Plaintiff seeks a refund of income taxes withheld from his pay in 1993— he, however, did not formally request this refund until he filed his return for 1993 in *1998*. In moving for summary judgment, defendant contends that plaintiff has failed to comply with the prerequisites for obtaining such a refund, that is, he did not file a valid refund claim within the statutorily-defined time period that would allow for the recovery of these taxes. After carefully considering the briefs filed by the parties, the court deems oral argument in this case unnecessary. For the reasons that follow, the court **GRANTS** defendant's motion for summary judgment.

## I. FACTS

Neither party disputes the essential facts at issue here, which are as follows:

During his 1993 taxable year, George R. Wertz (plaintiff) had income taxes withheld from his earnings by his employer. On April 8, 1997, plaintiff sent a letter to the Internal Revenue Service (IRS) requesting remittance of $908.00 as a refund of overpayments made in 1993. In this letter, plaintiff acknowledged that he had not yet filed a return for the tax year in question. On April 26, 1997, the IRS wrote plaintiff, informing him that he could file his delinquent 1993 tax return, but that he would be subject to penalties and

interest for any taxes due. The IRS response did not mention plaintiff's request for a refund. On June 12, 1998, plaintiff filed his 1993 tax return, which included a refund request. The IRS denied this request on the grounds that it was untimely. Following this denial, plaintiff filed suit in the Tax Court, which court subsequently dismissed his suit for lack of jurisdiction. On July 14, 2000, plaintiff then filed his complaint in the instant case.

On April 19, 2001, defendant moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted. It argues that plaintiff failed to satisfy various procedural requirements in the Internal Revenue Code (the Code) [1] governing the filing of refund claims, thereby precluding any recovery of a refund in the instant case. In response, plaintiff not only argues that he met the requirements associated with filing a refund claim, but also asserts that defendant is equitably estopped from asserting that his refund claim is untimely.[2] Because defendant's motion potentially involves issues that are not jurisdictional and was accompanied by factual materials outside the pleadings that have not been excluded, the court, on November 29, 2001, converted the motion to a summary judgment motion and afforded plaintiff an opportunity to file similar factual materials. *See* RCFC 12(b). Plaintiff did not avail himself of this opportunity (perhaps because no additional documentation on this issue exists).

## II. DISCUSSION

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. RCFC 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202

---

**1.** All code references are to the Internal Revenue Code of 1986 (26 U.S.C.), as amended, unless otherwise noted.

**2.** Plaintiff also alleges that because the defenses of lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted were not raised in defendant's answer, they were waived. However, this court's rules permit such defenses to be raised at various points in the

proceedings. *See* RCFC 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); RCFC 12(h)(2) ("A defense of failure to state a claim upon which relief can be granted ... may be made in any pleading ... or by motion for judgment on the pleadings ....").

(1986). As noted, the facts material to the motions are essentially undisputed. Based on those facts, the court concludes, as a matter of law, that defendant is entitled to summary judgment.

In his complaint, plaintiff invoked 28 U.S.C. § 1346(a)(1), under which this court has jurisdiction over a "civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." Despite its "spacious terms," section 1346(a)(1) "must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *United States v. Dalm*, 494 U.S. 596, 601, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). The first qualification is section 7422(a) of the Code, which provides:

> [n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

In addition, section 6511(a) of the Code provides that if a taxpayer is required to file a return with respect to a tax, such as the income tax, he or she must file any claim for refund within three years from the time the return was filed or two years from the time the tax was paid, whichever period expires later. "Read together," the Supreme Court has stated, "the import of these sections is clear: unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously', 'illegally,' or 'wrongfully collected,' may not be maintained in any court." *Dalm*, 494 U.S. at 602, 110 S.Ct. 1361 (citations omitted). *See also United States v. Kales*, 314 U.S. 186, 193, 62 S.Ct. 214, 86 L.Ed. 132 (1941).

■ Plaintiff filed his 1993 tax return on June 12, 1998, indicating thereon that he was due a refund of $908. Under the Treasury's regulations, this return constituted a claim for refund. *See* 26 C.F.R. § 301.6402-3(a)(1) (1998). Because the request for refund here was included in the 1993 return, the claim was timely under section 6511(a) of the Code. *See McGregor v. United States*, 225 Ct.Cl. 566, 566, 1980 WL 99644 (1980) (determining that a claim for refund included on a return filed more than three years after its due date is a timely claim under section 6511(a)). But, unfortunately for plaintiff, more is afoot here, as other provisions of the Code operate to limit the amount of tax recoupable under this timely-filed refund claim.

Thus, section 6511(b)(2) of the Code imposes limitations on the extent to which a taxpayer may look back in time and recover taxes paid in a prior taxable period. *See* Michael I. Saltzman, *IRS Practice and Procedure* ¶ 11.05[1] (Research Institute of America 2d ed.1991). One of these so-called "look back" provisions, section 6511(b)(2)(A), provides that if the claim for refund is filed within three years of the filing of the return, "the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return." *See Baral v. United States*, 528 U.S. 431, 432, 120 S.Ct. 1006, 145 L.Ed.2d 949 (2000) (discussing this provision); *McGregor*, 225 Ct.Cl. at 567 (applying this provision in similar circumstances). There is no indication that plaintiff applied for, or was granted, an extension for filing his 1993 tax return.[3]

---

**3.** Plaintiff asserts that the IRS's April 26, 1997, letter granted him an extension of time for filing his return, relying on the following IRS statement for this conclusion: "Our records indicate that you can file 1993 tax return [sic]. Also penalties and interest will be assessed for filing late if there is a balance outstanding (if taxes are owed)." On its face, however, this language plainly does not grant plaintiff an extension, as it indicates that penalties for late filing will apply.

Hence, under section 6511(b)(2)(A), plaintiff can recover any taxes paid between July 12, 1998, the date he filed his return, and July 12, 1995, the date the three year look-back period expired. Under section 6513(b)(1) of the Code, however, the taxes withheld from plaintiff's salary in 1993 are deemed to have been paid on April 15, 1994, the due date for his 1993 return. *See Baral,* 528 U.S. at 435–36, 120 S.Ct. 1006 (holding that § 6513(b) determines the date withheld taxes are deemed paid for application of § 6511(b)(2)(A)). Because this payment date obviously predates the July 12, 1995, cutoff, plaintiff's claim for refund, deriving from his late-filed tax return, does not entitle him to any refund. Accordingly, to the extent his complaint relies upon this refund claim as the basis for his requested refund, it fails to state a claim upon which relief can be granted. *See McGregor,* 225 Ct.Cl. at 567 (holding that failure to satisfy § 6511(b)(2)(a) constitutes failure to state a claim upon which relief can be granted); *Rinaldi v. United States,* 30 Fed.Cl. 164, 165 n. 2 (1993) (same).

■ Arguing that his claim is not defeated by this look-back provision, plaintiff contends that his April 7, 1997, letter to the IRS constituted a timely informal claim for refund which preserved his right to recover his 1993 taxes. Under section 7422(a) of the Code, the IRS is authorized to prescribe the form of a refund claim. Regulations issued under this authority prescribe that the claim set forth its grounds "in detail," along with "facts sufficient to apprise the [IRS] of the [claim's] exact basis," and that the "statement of the ground and facts ... be verified." 26 C.F.R. § 301.6402–2(b)(1) (1997). The regulation also provides that "[a] claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund." *Id.* Despite these provisions, various courts have occasionally concluded that a claim that does not satisfy all the formal requirements of the regulation, nonetheless,

arrests the running of the statute of limitations. *See BCS Financial Corp. v. United States,* 118 F.3d 522, 524 (7th Cir.1997) (citing cases). The so-called "informal claim" doctrine recognizes that "[i]t is not necessary that a claim for refund ... be submitted to the Internal Revenue Service in any particular form," *Barenfeld v. United States,* 194 Ct.Cl. 903, 442 F.2d 371, 374 (1971), but requires that the informal claim be in writing and be adequate " 'to put the Commissioner on notice that a right is being asserted with respect to an overpayment of tax.' " *Furst v. United States,* 230 Ct.Cl. 375, 678 F.2d 147, 151 (1982) (quoting *Newton v. United States,* 143 Ct.Cl. 293, 163 F.Supp. 614, 618 (1958)).[4] Moreover, as an extension of this doctrine, the Court of Claims has held that "[a]n informal claim which is partially informative may be treated as valid even though 'too general' or suffering from a 'lack of specificity'—at least where those defects have been remedied by a formal claim filed after the lapse of the statutory period but before the rejection of the informal request." *American Radiator & Standard Sanitary Corp. v. United States,* 162 Ct.Cl. 106, 318 F.2d 915, 921 (1963). *See also Kales,* 314 U.S. at 194, 62 S.Ct. 214; *Kidde Indus., Inc. v. United States,* 40 Fed.Cl. 42, 61 (1997).

■ Even in its most forgiving form, however, the informal claim doctrine proves unavailing to plaintiff because, assuming *arguendo,* his April 7, 1997, letter constituted an informal claim, it clearly was untimely. When no return has been filed, section 6511(a) requires that a claim for refund be filed within two years from the time the tax was paid. *See Miller v. United States,* 38 F.3d 473, 475 (9th Cir.1994) (holding that section 6511(a) provides a two-year statute of limitations to file a refund claim when no return is on file); *Ancel v. United States,* 398 F.2d 456, 458 (7th Cir.1968) (section 6511(a) requires a two year statute of limitations for refund claims where no return is filed even

---

Additionally, the regulation permitting extensions requires receipt of a written application for extension on or before the due date of the return. *See* 26 C.F.R. § 1.6081–1(b) (1998). Plaintiff obviously did not comply with this requirement. *See McLeod v. United States,* 229 Ct.Cl. 810, 811, 1982 WL 11232 (1982).

4. *See also Kales,* 314 U.S. at 195, 62 S.Ct. 214; *Estate of Hale v. United States,* 876 F.2d 1258, 1262 (6th Cir.1989); *Video Training Source, Inc. v. United States,* 991 F.Supp. 1256, 1260 (D.Colo. 1998).

though claimants were not required to file a return). As he acknowledged in his letter, plaintiff had not filed his 1993 return when he wrote his letter. As explained above, under section 6513(b)(1), the taxes withheld from plaintiff during 1993 were deemed paid on April 15, 1994. Accordingly, plaintiff needed to file his informal claim no later than April 15, 1996, to be within two years of the time he paid his taxes. As such, plaintiff's letter, which was not sent until April 7, 1997, was untimely filed.[5]

■ Plaintiff, however, asserts that his letter, filed within the three-year look-back provision of section 6511(b)(2)(A), and his formal request for a refund, filed within the three-year statute of limitations of section 6511(a), constitute together a timely claim for refund of his withheld taxes. Not so. While a request for refund that does not comply with the IRS's regulatory requirements may, under certain circumstances, be amended to cure those defects and, as amended, relate back to the original date of the request, the same does not hold true, when, as here, the defect in the original filing relates to a statutory, rather than regulatory, requirement. While the IRS has the ability to waive its own regulatory requirements and consider a claim that is not in the proper form, it is powerless to waive the statutory requirements set forth by Congress, including the statute of limitations. *See United States v. Garbutt Oil Co.*, 302 U.S. 528, 533–34, 58 S.Ct. 320, 82 L.Ed. 405 (1938); *Kales*, 314 U.S. at 193, 62 S.Ct. 214. Those limitations represent conditions on Congress's waiver of sovereign immunity, *see Kidde*, 40 Fed.Cl. at 63, and a putative refund claim filed in dero-

gation thereof is essentially a nullity. Accordingly, because plaintiff's informal claim is untimely under section 6511, neither the IRS nor this court can explicitly or implicitly waive that defect to allow that claim to be later amended and, as amended, to provide the basis for a recovery here. *See Vandamme v. United States*, 1995 WL 452982, *4, 1995 U.S. Dist.LEXIS 7396, *10 (E.D.Tenn.1995) (holding that an invalid informal claim does not preserve a formal claim barred by the look-back provisions of § 6511(b)(2)(A)); *Kuck v. United States*, 1994 WL 132270, 1994 U.S. Dist.LEXIS 4719 (S.D.N.Y.1994) (same).

■ To hold otherwise—that a taxpayer may relate a late-filed tax return back in time to the date of an untimely informal claim, so as to permit a refund otherwise barred by the look-back provisions of the Code—would be to defenstrate not one, but two, statutory time limitations. First, such an approach would toll indefinitely the time limitation on bringing a refund suit by essentially nullifying the provisions of the statute that specify when a claim must be filed. If plaintiff is correct, a taxpayer who has not filed his tax return need only file the barest demand for a refund within three years of the original due date of the return in order to preserve indefinitely his right to bring a refund suit—at least until such time as he eventually gets around to filing his return. Yet, the notion that a taxpayer could thereby define his own limitations period for filing a refund claim runs directly counter to the legislative history of the look-back provisions, which were designed, at least in part, to

5. Arguably, plaintiff's informal claim is also defective because it failed to advise the IRS of the nature of taxpayer's claim. In this regard, the April 1997, letter does not state any grounds for plaintiff's belief that he was owed a refund, but merely states, in its entirety—

> I am incarcerated as a state prison inmate serving sentence. I never filed my Tax Return for the Tax Year 1993. I believe my refund for the Tax Year 1993 should be $900.00. From the Tax Schedules I have available, I believe it should be $908.00. I request refund of the $908.00 which I overpaid, or in the alternative, that, if necessary, you provide me with whatever forms I need to receive my overpaid taxes as a refund.

Plaintiff's letter thus contained essentially a bare demand for refund of the entire tax and, as such, arguably is too general to constitute a valid informal claim. *See L.E. Myers Co. v. United States*, 230 Ct.Cl. 142, 673 F.2d 1366, 1368 (1982) (holding that a claim that provides only "[g]eneral notice that a taxpayer wants his entire tax refunded ... is insufficient."); *Simmons v. United States*, 29 Fed.Cl. 136, 140 (1993). The court, however, chooses not to rely on this ground to invalidate the informal claim here based upon case law that suggests that informational deficiencies in plaintiff's letter may be viewed as having been cured by the information provided in his subsequent return. *See American Radiator*, 318 F.2d at 920.

preclude such a result.[6] Second, plaintiff's theory also discounts the fact that different look-back periods apply under section 6511(b)(2), depending on whether a taxpayer has filed a return. Thus, section 6511(b)(2)(A), with its three-year look-back period, applies if a taxpayer filing a claim for refund has filed a return, while section 6511(b)(2)(B), which only has a two-year look-back period, applies to a claim for refund where no return has been filed. If plaintiff is correct, however, a taxpayer could avoid the two-year limit in subparagraph (B), in favor of the three-year period in subparagraph (A), virtually at will—simply be filing a return, no matter how late. But, there is no indication, either in the statute or its legislative history, that Congress intended the late filing of a tax return to have such a Kafkaesque metamorphic impact. Indeed, endorsing such legislative alchemy would incentivize individuals to further delay filing their income tax returns—a result that Congress hardly could have intended. As such, the court declines plaintiff's invitation to take judicial liberties with the carefully constructed conditions upon which Congress has consented to be sued.[7]

■ Plaintiff also claims that his refund claim was not time-barred under section 6511(a) because he was disabled and unable to file a claim on a timely basis. To be sure, under section 6511(h) of the Code, the time limitations contained in section 6511 can be tolled while a taxpayer is unable to manage his financial affairs due to a disability. This provision, however, was added to the law in 1998, and cannot be applied retroactively to revive claims, such as plaintiff's, that were already time barred upon the date of the passage of the amendment. *See* Internal Revenue Service Restructuring and Reform

6. The first true predecessor of section 6511(b)(2) was section 281(b)(1) of the Revenue Act of 1924, 43 Stat. 253, 301, which provided that claims for refund must be filed within four years from the tax was paid. Because a tax might not be deemed paid until the last dollar thereof was satisfied, *see, e.g., Flores v. United States*, 51 Fed. Cl. 49 (2001), thereby potentially allowing the late payment of a small portion of the tax to extend the time for filing a claim for the refund of the entire tax, Congress added a further limitation, to wit, that "the amount of the credit or refund" shall not "exceed the portion of the tax paid during the four years immediately preceding the filing of the claim." Revenue Act of 1924, § 281(b)(2), 43 Stat. 253, 301. *See also* S.Rep. No. 68–398, at 33 (1924). In 1934, Congress changed the statute to more closely resemble the current section 6511(a), thereby allowing a refund claim to be filed within three years from the time the taxpayer filed the return or two years from the time the tax was paid, whichever was later. Revenue Act of 1934, § 322(b)(1), 48 Stat. 680, 750. Whether a taxpayer relied on the two-year or the three-year statute of limitations, he was precluded from recovering any taxes paid more than three years prior to the filing of the claim. Revenue Act of 1934, § 322(b)(2), 48 Stat. 680, 750. As noted by one commentator carefully chronicling this legislative history, "[a]bsent a limit on the amount of tax recoverable, a taxpayer could at any time file a return that also constitutes a timely claim for refund ... and thereby recover tax paid many years earlier." Bruce A. McGovern, *The New Provision for Tolling the Limitations Periods for Seeking Tax Refunds: Its History, Operation and Policy, and Suggestions for Reform*, 65 Mo. L.Rev. 797, 829 (2000) (hereinafter "McGovern"). In 1942, Congress further amended the statute, to provide two look-back provisions—a three-year look-back rule for returns, but a two-year rule for payments when no return is filed. *See* Revenue Act of 1942, § 169(a), 56 Stat. 798, 876. Although this construct was temporarily abandoned in 1954, when the prior law was incorporated into section 6511 of the 1954 Code, *see* Internal Revenue Code of 1954, § 6511(b)(2), 68A Stat. 1.3, 808, Congress, in 1958, modified that section in various ways, including reestablishing the different look-back provision when no return is filed. *See* Technical Amendments Act of 1958, § 82, 72 Stat. 1606, 1663. Over the years, then, Congress thereby adopted provisions designed to prevent a taxpayer from creating his own limitations period simply by filing a delinquent return—the result that plaintiff essentially seeks here. *See* McGovern, *supra*, at 833; Maurice E. Stark, *Claims for Refund of Federal Taxes*, 41 Iowa L.Rev. 496, 506 (1956) (commenting on the 1942 legislation).

7. A similar rationale has been employed by the courts which have concluded that once an informal claim is denied, it may not later be augmented to remedy any prior informational shortfalls. One of the earliest cases to reach this conclusion, *Mutual Life Ins. Co. of New York v. United States*, 72 Ct.Cl. 204, 209, 49 F.2d 662 (1931), explained that permitting such an amendment "would be to permit an indefinite postponement of the limitation for bringing suit and would nullify the provisions of the statute as to the time within which claims may be filed and the time within which suit may be brought." *See also, e.g., United States v. Memphis Cotton Oil*, 288 U.S. 62, 72, 53 S.Ct. 278, 77 L.Ed. 619 (1933); *Allstate Ins. Co. v. United States*, 213 Ct.Cl. 96, 550 F.2d 629, 633 (1977).

**450**

Act of 1998, Pub.L. No. 105–206, § 3202(b), 112 Stat. 685, 741 (providing that this tolling provision shall not apply "to any claim for credit or refund which . . . is barred by the operation of any law or rule of law . . . as of the date of the enactment of this Act" (July 22, 1998)). *See also Muhammed v. United States,* 43 Fed.Cl. 742, 747 (1999). Because plaintiff's claim for refund was already untimely prior to the enactment of the 1998 Reform Act, this court must adhere to the Supreme Court's pre–1998 holding that courts cannot toll the time limitations set forth in 26 U.S.C. § 6511 due to a taxpayer's alleged disability. *See Brockamp,* 519 U.S. at 352, 117 S.Ct. 849.

 Finally, plaintiff asserts that defendant is equitably estopped from arguing that his refund claim is time-barred because the IRS's response to his 1997 letter indicated that he could still file a 1993 tax return, which, in plaintiff's view, was an assurance that he could still obtain a refund. But, even if we take as accurate plaintiff's liberal gloss on the IRS's statements, his estoppel argument fails. A party seeking to assert equitable estoppel against the government bears an extraordinarily high burden and must, at a minimum, show "affirmative misconduct." *Henry v. United States,* 870 F.2d 634, 637 (Fed.Cir.1989); *Hanson v. Office of Pers. Mgmt.,* 833 F.2d 1568, 1569 (Fed.Cir.1987). Though the exact meaning of "affirmative misconduct" has never been resolved, one court held that even a false statement did not constitute affirmative misconduct because the plaintiff had not shown a "deliberate lie . . . or a pattern of false promises." *Mukherjee v. I.N.S.,* 793 F.2d 1006, 1009 (9th Cir.1986). Plaintiff alleges no facts indicative of misrepresentation, much less affirmative misconduct by the IRS. In these circumstances, equitable estoppel clearly does not lie. *See Moore v. United States,* 48 Fed.Cl. 394, 401 n. 11 (2000).

### III. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is **GRANTED.**

The Clerk shall dismiss the complaint in Case No. 00–418T. No costs.