The pro se plaintiffs in this case seek a refund of federal income taxes for 1972 and 1973. The defendant has moved for summary judgment on the ground that the suit is untimely. We agree.
The plaintiffs filed 1972 and 1973 federal income tax returns on April 10, 1978. The tax payments for 1972 consisted of taxes withheld from Mr. William C. McLeod II’s pay and an estimated tax payment he made on August 23, 1973. The tax payments for 1973 similarly consisted of amounts withheld and an estimated tax payment made on January 15, 1974. In each of the tax returns the plaintiffs claimed a refund on the theory that the withheld taxes and estimated tax payments exceeded their tax liability.
The Internal Revenue Service denied these refunds in January 1979. It ruled that the claims were untimely because they were filed more than three years after the taxes had been paid.
Section 6511(a) of the Internal Revenue Code, I.R.C. § 6511(a), requires that any claim for refund of an overpayment of tax must be filed within three years from the time the return is filed or within two years from when the tax is paid, whichever is later. Section 6511(b)(1) provides that no such claim shall be allowed after the expiration of the limitations period in subsection (a), unless a claim for refund was filed within that period. Section 6511(b)(2) limits claims for refunds to those taxes paid within three years *811 before the claim is filed. Section 6513(b) provides that taxes withheld, amounts paid as estimates, or earned income credit shall be deemed to have been paid on the last day prescribed for filing the return. The effect of the above provisions is to bar any refund of taxes that were paid more than three years before the claim for refund was filed. Craiglow v. United States, 212 Ct. Cl. 542 (1976); Domtar Newsprint Sales Ltd. v. United States, 193 Ct. Cl. 505, 435 F.2d 563 (1970); Rev. Rul. 57-354, 1957-2 C.B. 913.
The plaintiffs’ claims for refund were not filed until April 1978. Under section 6513(b) of the Code, the taxes withheld in 1972 and 1973 are deemed to have been paid on April 15, 1973 and 1974, respectively, the last dates for filing the returns. The estimated tax payments for 1972 and 1973 were made in August 1973 and January 1974, respectively. Since all of these payments were made more than three years before the plaintiffs filed their refund claims in April 1978, the claims were untimely.
In their answer to the defendant’s interrogatories, the plaintiffs stated that in meetings with representatives of the Internal Revenue Service in 1973 and 1974, they were orally assured that there would be no problem in obtaining refunds for 1972 and 1973 once their returns had been filed. There is no indication, however, that the Service representative informed the plaintiffs that they could wait three or four years before filing their returns. In any event, the Service representatives had no authority to waive the time limitation for filing claims for refunds that Congress has imposed.
The plaintiffs may be contending that those statements by Service representatives constituted an extension of time for filing the return. The Treasury regulation, promulgated pursuant to the Code provision permitting such extensions, I.R.C. §6081, however, requires that an application for extension must be filed "in writing” with the Internal Revenue Service officer with whom the filing is to be made and on or before the due date of such filing. Treas. Reg. § 1.6081-l(b)(l). The plaintiffs have not shown that they complied with these requirements. Moreover, such extensions of time normally are granted to a fixed date and do *812 not permit the open-ended extension the plaintiffs’ claim would involve.
The defendant’s motion for summary judgment is granted, and the petition is dismissed.