**Joan HARRIMAN, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

No. 96 CV 3670 (JS) (MLO).

United States District Court, E.D. New York.

Aug. 2, 2002.

Joan Harriman, East Hampton, NY, pro se.

Bartholomew Cirenza, Trial Attorney, U.S. Department of Justice, Tax Div., Washington, DC, for Defendants.

SEYBERT, District Judge.

This Court's Memorandum and Order, dated July 22, 2002, is hereby vacated in its entirety and amended as follows. Pending before the Court is Joan Harriman's ("Plaintiff"), motion pursuant to Fed.R.Civ.P. 15(c) to name the United States as Defendant instead of the Internal Revenue Service ("Defendant" or the "Government"), the Defendant's motion for an order pursuant to Fed.R.Civ.P. 55(c) to set aside the entry of default against the United States and Defendant's motion for an order pursuant to Fed.R.Civ.P. 12(b)(1) and/or 12(b)(6) dismissing Plaintiff's complaint.

*BACKGROUND*

Plaintiff commenced suit on July 24, 1996 by filing a complaint with this Court. As a basis for federal jurisdiction, Plaintiff asserted 28 U.S.C. 1346(a)(1), 28 U.S.C. 1331, 28 U.S.C. 1396 and 28 U.S.C. 1402(a)(1) and Sections 6502(a), 6331(d) and 6501(a) of the Internal Revenue Code. Plaintiff's complaint seeks to claim a refund for taxes levied for tax years 1973, 1976, 1980, 1987, 1990, 1992, 1993, and 1994, totaling $6,097.56, plus interest and damages in the amount of $100,000 for pain and suffering. Plaintiff also seeks a permanent injunction to prevent the Internal Revenue Service from applying any future tax overpayments to her tax lien. Plaintiff filed an amended complaint on August 7, 1996 to remedy a possible statute of limitations issue. Defendant subsequently requested an extension to answer from the Plaintiff and was denied. On February 25, 1999, Plaintiff made a request to have a default judgment entered against the government. The Clerk of the Court certified the default on February 25, 1999. Defendant subsequently requested that the Court schedule a pre-motion conference to discuss the government's motion to vacate the default. Plaintiff failed to appear at the initial conference and again failed to appear at a later scheduled conference. As a result, Defendant has moved to vacate the default judgment entered against it.

*LEGAL STANDARD*

The Court will first address Defendant's motion to vacate the default pursuant to Fed.R.Civ.P. 55(c). Rule 55(c) permits this Court, in its discretion, "[f]or good cause shown ... [to] set aside an entry of default...." Fed.R.Civ.P. 55(c). The Government argues that this Court does not have jurisdiction over this action because the United States did not consent to suit in the manner in which Plaintiff has sued and has accordingly not waived its immunity. Defendant argues that this Court's lack of jurisdiction is good cause, as required by Rule 55(c), to set aside the default.

■ The Court never entered judgment of default so Fed.R.Civ.P. 60(b) does not apply to this action. This Court is bound to consider the following factors in determining whether an order vacating the entry of default is appropriate: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir.1993). Moreover, this Court must take into consideration the fact that the Second Circuit has expressed a "preference for resolving disputes on the merits," and, therefore, all inferences should be resolved in favor of the defaulting party. *Id.* at 95, 96; *see also Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir.1999).

## ANALYSIS

■ Viewing all inferences in favor of Defendant, the defaulting party, for the reasons set forth below, the Court hereby vacates the entry of default.

### 1. Willfulness of the Default

Defendant argues that three separate attorneys handled this case on behalf of the tax division, but fails to supply a reason for the government's failure to respond. Plaintiff argues that the fact that Defendant has done nothing for three years is per se willful. She further argues that pursuant to Fed.R.Civ.P. 60, Defendant's motion to vacate the default is barred by the one year statute of limitations set forth therein. However, as noted above, judgment of default was never entered in this case and accordingly, Rule 60 does not apply. Finally, Plaintiff states that Defendant's default was willful because Defendant has not "presented a meritorious defense to the court by providing any reasonable excuse for their negligence." *Plaintiff's Cross–Motion to Uphold and Enforce Default Judgment Against Defendant*, Pg. 1.

■ "Willfulness in the context of a default [is] conduct that is more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir.1998). Neither party has adequately provided an explanation of the default to show that it was willful. It seems that Plaintiff has admitted in her opposition to defendant's motion to vacate the default that the Defendant was negligent in its conduct. The Court finds the Government's handling of this case extremely poor to say the least, however, there is no evidence of willful conduct on the government's part with respect to the default.

### 2. Meritorious Defense

■ A meritorious defense need only consist of evidence, which if proven at trial, would constitute a complete defense. *Williams v. Helbig*, 208 F.R.D. 41, 44 (E.D.N.Y.2002) (citing *McNulty*, 137 F.3d at 740) (quoting *Enron Oil Corp.*, 10 F.3d at 98). Defendant argues that the statute of limitations and the doctrine of sovereign immunity bars Plaintiff's claims. Defendant asserts that the United States has not consented to be sued in the manner contemplated by the Plaintiff herein. If Defendant succeeds in its argument that sovereign immunity or the statute of limitations defenses apply, it would win the case. Plaintiff asserts that Defendant has waived its claim of lack of jurisdiction and its claim to sovereign immunity.

The Court finds that if Defendant adequately proves either of its defenses it will have two separate complete defenses. Accordingly, Defendant does have a meritorious defense to this action.

### 3. Prejudice to Plaintiff

Defendant asserts that, pursuant to Fed. R.Civ.P. 55(e) "[n]o judgment by default shall be entered against the United States ... unless the claimant establishes a claim

or right to relief by evidence satisfactory to the Court." The Court finds that Plaintiff will not be prejudiced by a finding that the default in this action should be vacated, as there is a preference that cases be decided on the merits. Moreover, this case has remained stagnant for years without either party taking action.

For the reasons set forth above, the entry of default in this action is hereby VACATED.

*DEFENDANT'S MOTIONS TO DISMISS*

Defendant has moved to dismiss the present action for the following reasons: (1) the United States has not consented to suit in the manner contemplated by the Plaintiff; (2) the Court lacks jurisdiction with respect to the 1987 income tax year due to the statute of limitations; (3) the Court lacks jurisdiction over Plaintiff's suit for refund with respect to years 1973, 1976, 1980, 1987, 1992, 1993 and 1994 because Plaintiff did not wait the requisite six month period pursuant to 26 U.S.C. § 6532 prior to commencing suit; (4) the Court lacks jurisdiction over Plaintiff's complaint as it relates to the 1980, 1990 and 1993 tax years because she has not fully paid the disputed assessed liabilities; (5) Plaintiff's demand for injunctive relief is barred by the Anti Injunction Act; (6) Plaintiff has failed to state a cause of action upon which relief may be granted as to years 1987 and 1992 because she paid no tax for either of those years; (7) Plaintiff's suit as it relates to the year 1980 is statutorily barred pursuant to § 6512 because she previously filed a petition with the United States Tax Court for that year; (8) Plaintiff is barred from proceeding on her demand for pain and suffering pursuant to § 7433 because she did not allege and cannot establish that she exhausted her administrative remedies; and (9) to the extent Plaintiff seeks tort damages, other than under § 7433, she is likewise barred under the Federal Tort Claims Act because she did not first file an administrative claim for such damages.

■ It is unclear, after a thorough review of Defendant's moving papers, pursuant to which Federal Rule of Civil Procedure Defendant makes each of its motions. The difference is significant because the Court may only consider the complaint and documents attached thereto or incorporated by reference when deciding a motion to dismiss pursuant to Rule 12(b)(6). However, when deciding a motion brought pursuant to Rule 12(b)(1), the Court can consider facts outside the pleadings. *See Ghartey v. St. John's Queens Hosp.,* 869 F.2d 160, 162 (2d Cir.1989). It seems that Defendant deems his statute of limitations arguments jurisdictional and, accordingly, has moved to dismiss pursuant to 12(b)(1) and that only number six above was brought pursuant to 12(b)(6). The Court recognizes and shall adhere to the Rule that a plaintiff proceeding *pro se* is entitled to have her complaint "held to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)(per curiam).

■ Generally, "[w]here the dates in a complaint show that an action is barred by a statute of limitations," it is appropriate for a defendant to move to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *See Ghartey,* 869 F.2d at 162; *Mr. & Mrs. D. v. Southington Bd. of Educ.,* 119 F.Supp.2d 105, 107 (D.Conn.2000); *see also Joslin v. Grossman,* 107 F.Supp.2d 150, 153 (D.Conn.2000).

The Court will address each of Defendant's points in turn and state pursuant to which Rule such motion is being decided.

*LEGAL STANDARD*

1. Rule 12(b)(6) Standard

A district court should grant a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for

failure to state a claim only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 2906, 106 L.Ed.2d 195 (1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)); *Annis v. County of Westchester*, 36 F.3d 251, 253 (2d Cir. 1994).

In applying this standard, a district court must "read the facts alleged in the complaint in the light most favorable" to the plaintiff and accept the factual allegations as true. *H.J. Inc.*, 492 U.S. at 249, 109 S.Ct. at 2906; *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Christ Gatzonis Elec. Contractor, Inc. v. New York City Sch. Constr. Auth.*, 23 F.3d 636, 639 (2d Cir.1994); *see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 165, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (citing Fed.R.Civ.P. 8(a)(2) to demonstrate liberal system of 'notice pleading' employed by the Federal Rules of Civil Procedure).

The Court's duty "is merely to assess the legal feasibility of the [amended] complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir.1980). *Accord Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The appropriate inquiry, therefore, is not "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686; *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123–24 (2d Cir.1991) (noting that plaintiff is not compelled to prove his or her case at the pleading stage).

■ Additionally, a claimant is not required to set out in detail the facts upon which he or she bases a claim. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). A claimant need only give a statement of his or her claim that will give defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Id.* Therefore, where a complaint is filed that charges each element necessary to recover, dismissal of the case for failure to set out evidential facts can seldom be warranted. *United States v. Employing Plasterers Ass'n of Chicago*, 347 U.S. 186, 189, 74 S.Ct. 452, 454, 98 L.Ed. 618 (1954). Individual allegations, however, that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains are meaningless as a practical matter and, as a matter of law, insufficient to state a claim. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir.1987). Additionally, on a motion to dismiss, a complaint shall be deemed "to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference ... and documents that the plaintiff[ ] either possessed or knew about and upon which [they] relied in bringing the suit...." *Rothman v. Gregor*, 220 F.3d 81, 88–89 (2d Cir.2000) (citations omitted).

### 2. Rule 12(b)(1) Standard

A defendant may move to dismiss pursuant to Rule 12(b)(1) in two separate ways. He can either attack the complaint on its face, arguing that the Plaintiff has failed to allege facts supporting subject matter jurisdiction or he can argue that factually, jurisdiction is lacking. *See Tasini v. New York Times Co., Inc.*, 184 F.Supp.2d 350, 353 (S.D.N.Y.2002)(citing *Sniado v. Bank Austria AG*, 00 CIV 9123, 2001 WL 812236, at *1 (S.D.N.Y. Jul.18, 2001)); *see also Greater New York Hosp. Assoc. v.*

*United States,* 98 CIV 2741, 1999 WL 1021561, at *4 (S.D.N.Y. Nov.9, 1999).

▮ The material that is reviewable by a court differs depending upon the type of attack being made. On a motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(1) based on a facial defect in the complaint, the court should review the complaint, deeming all averments as true, for sufficiency. However, if Defendant has made a factual challenge to the Plaintiff's allegations in the complaint to the effect that jurisdiction is lacking, "the Court may consider affidavits and other material beyond the pleadings to resolve the jurisdictional question." *Araujo v. John Hancock Life Ins. Co.,* 206 F.Supp.2d 377 (E.D.N.Y.2002)(citing *Robinson v. Gov't of Malaysia,* 269 F.3d 133, 141 n. 6 (2d Cir. 2001)). Further, truth of the allegations in the complaint is not presumed "rather, the burden is on the plaintiff to satisfy the Court, as fact-finder, of the jurisdictional facts." *Tasini,* 184 F.Supp.2d at 353–54 (quoting *Guadagno v. Wallack Ader Levithan Assoc.,* 932 F.Supp. 94, 95 (S.D.N.Y. 1996), aff'd, 125 F.3d 844, 1997 WL 609007 (2d Cir.1997) (citations omitted)). It is within the above framework that the Court will review the Defendant's motions to dismiss.

*ANALYSIS*

1. Defendant's argument that the United States has not consented to suit in the manner contemplated by the Plaintiff

Although unclear from Defendant's moving papers, the Court discerns Defendant's argument with respect to sovereign immunity to be that Plaintiff has not cited the proper authority for her basis of jurisdiction in federal court or that she has failed to meet all of the requirements to commence suit. Plaintiff cites various Internal Revenue Code sections as authority for jurisdiction as well as 28 U.S.C. § 1331 as a basis for federal question jurisdiction.

Initially, subject matter jurisdiction over the commencement of this action is validly found in 28 U.S.C. § 1346, which provides:

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

(1) Any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws....

▮ "Thus, sovereign immunity is waived for suits for the refund of taxes erroneously or illegally assessed or collected." *Triangle Corp. v. United States,* 592 F.Supp. 1316, 1317 (D.Conn.1984)(internal quotation marks omitted). Accordingly, Plaintiff has sufficiently alleged jurisdiction to withstand an initial facial challenge to the Complaint. The Court recognizes that there are other factors that impact jurisdiction, which are discussed below.

2. Defendant argues that the Court lacks jurisdiction with respect to the 1987 income tax year due to the statute of limitations

While statute of limitations defenses have often, in this circuit, been reviewed pursuant to Fed.R.Civ.P. 12(b)(6) as an element of a claim, statutes of limitation are jurisdictional in tax cases. *See United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990). The *Dalm* Court cited an earlier Supreme Court decision clarifying the United States' immunity to suit without its consent and noted that any statute of limitations imposed by Congress is a specific condition on consent. *See id.* at 608, 110 S.Ct. 1361 (citing *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47

L.Ed.2d 114 (1976)). The Court concluded its analysis by noting that "the power to consent to such suits is reserved to Congress" and that going beyond such consent is an imposition on sovereign immunity. *Id.* at 610, 110 S.Ct. 1361. Sovereign immunity is a jurisdictional bar to suit and if a statute of limitation has not been complied with, Congress has not given consent to suit, accordingly, absent compliance with such statute of limitations, this Court lacks jurisdiction. Because the statute of limitations is jurisdictional in this situation, rather than an element necessary to sustain suit, a defense of statute of limitations will be reviewed pursuant to Fed.R.Civ.P. 12(b)(1). *See Maiman v. Internal Revenue Serv.,* 96 CV 5566(SJ), 1998 WL 161003, at *1 (E.D.N.Y. March 27, 1998), aff'd, *Maiman v. C.I.R.,* 182 F.3d 900 (2d Cir.1999) (reviewing a statute of limitations claim in a tax refund suit under Rule 12(b)(1)). As noted fully above, when making a determination on a 12(b)(1) motion, factually attacking Plaintiff's allegations, the Court can employ the use of extrinsic documents and need not confine itself to the Complaint.

Defendant argues that Plaintiff's claim for a refund based upon the 1987 tax year was not timely filed. Plaintiff asserts, in her Amended Complaint, that the action was brought in a timely fashion with respect to her filing of taxes for the 1987 tax year. Plaintiff's tax return was due to be filed on April 15, 1988, however, she was granted a four month extension of filing until August 15, 1988 and actually filed her 1987 tax return on April 13, 1994, more than six years late.

Defendant asserts that the relevant statute of limitations provisions are §§ 6511(a) and 6511(b)(2)(A). Section 6511 provides, in pertinent part, that:

> Limitations on credit or refund
>
> (a) Period of limitation on filing claim. Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid....
>
> (B)(2)(A) Limit where claim filed within 3–year period.—If the claim was filed by the taxpayer during the 3–year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to three years plus the period of any extension of time for filing the return.

I.R.C. § 6511.

 Read in conjunction, a taxpayer can recover a refund if that overpayment was paid during the last 3 years plus any extensions granted (the "look-back period"). Plaintiff's claim for a refund was her tax return, which was filed on April 13, 1994 and this action was commenced on July 24, 1996, within the three year period prescribed by statute, accordingly, her claim was timely filed. *See* Treasury Regulation § 301.6402–3(a)(5).

Plaintiff encounters difficulty with the second portion of the statute, which provides that any refund is limited to taxes paid during the look-back period. Plaintiff's look-back period is three years plus four months before April 13, 1994, or December 13, 1990. Accordingly, to be entitled to a refund, the taxes sought to be refunded had to be paid during that look-back period. Plaintiff seeks a refund for withholding credits and earned income credits totaling $288 and $117, respectively. The Internal Revenue Code § 6513(b)(1) provides that "[a]ny tax actu-

ally deducted and withheld at the source during any calendar year ... [shall] ·be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31." I.R.C. § 6513. Accordingly, Plaintiff's withholding credit of $288 was deemed paid on April 15, 1988, which is not within the look-back period as set forth above. Similarly, Plaintiff's earned income credit was deemed paid on the same date and is therefore not recoverable. *See McLeod v. United States,* 229 Ct.Cl. 810, 1982 WL 11232 (1982). Defendant's motion to dismiss with respect to Plaintiff's claim for a refund based upon her 1987 tax return is GRANTED.

3. Defendant's argument that the Court lacks jurisdiction over Plaintiff's suit for refund with respect to years 1973, 1976, 1980, 1987, 1992, 1993 and 1994 because she did not wait the requisite six month period pursuant to 26 U.S.C. § 6532.

██ Defendant argues that Plaintiff's claims for tax years 1973, 1976, 1980, 1987, 1992, 1993 and 1994 should be dismissed because this Court lacks jurisdiction because the Plaintiff failed to follow the procedure set forth in Internal Revenue Code Section 6532. Section 6532 provides, in pertinent part, that "[n]o suit or proceeding under Section 7422(a) for the recovery of any internal revenue tax, penalty or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section. . . ." I.R.C. § 6532. In other words, a claimant must give the Internal Revenue Service at least six months to process a claim prior to commencing suit in federal court. Plaintiff filed her claims for a refund for tax years 1973, 1976, 1980, 1987, 1992, 1993, and 1994 on January 30, 1996 and commenced this action on July 24, 1996, which was one week too early. *Am. Compl.* ¶ 17. Con-

gressional limitations on suit are jurisdictional and this Court would not normally have subject matter jurisdiction to hear this case because such rules have not been followed. *See Dubay v. Scott,* 98 CV 0029(DJS), 1998 WL 1035429, at *4 (D.Conn. Sept. 30, 1998)(finding that the court lacked subject matter jurisdiction because Plaintiff failed to wait six months to file the claim as required by Section 6532). However, in light of the fact that Plaintiff amended her complaint on August 7, 1996, after the expiration of the six month waiting period and for the express purpose of complying with the statute of limitations, Defendant's argument is mooted. Plaintiff's amended complaint cures any prior jurisdictional defect with respect to the six month waiting period. Defendants are not prejudiced by the amended complaint and dismissal followed by refiling would waste court resources. Defendant's motion to dismiss is DENIED.

4. Defendant's argument that the Court lacks jurisdiction over Plaintiff's complaint as it relates to the 1980, 1990 and 1993 tax years because she has not fully paid the disputed assessed liabilities. .

██ The Supreme Court held in *Flora v. United States,* "that [Section] 1346(a)(1), correctly construed, requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court." 362 U.S. 145, 177, 80 S.Ct. 630, 647, 4 L.Ed.2d 623 (1960); *United States v. Forma,* 42 F.3d 759, 763 (2d Cir.1994). As noted in depth above, Congressional limits on consent to suit are jurisdictional and, accordingly, this Court will review Defendant's motion to dismiss pursuant to Rule 12(b)(1). Plaintiff has outstanding balances on each of her accounts for tax years, 1980, 1990, and 1993. *See Gov't Ex. A.* Accordingly, this Court does not have jurisdiction to hear Plain-

tiff's claims with respect to tax years, 1980, 1990 and 1993 and, therefore, Defendant's motion to dismiss Plaintiff's complaint with respect to those years is GRANTED.

5. Defendant's argument that Plaintiff's demand for injunctive relief is barred by the Anti Injunction Act

■■■ Plaintiff seeks to have an injunction issued, barring the "IRS from taking any further refunds from her income tax returns and from illegally charging her any late fees." *Am. Compl.* Defendant argues that Plaintiff's claim for injunctive relief should be denied because courts are generally barred from restraining the collection of any tax. Plaintiff does not oppose Defendant's argument. The rule set forth in 26 U.S.C. § 7421(a) states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." This section applies to the case at bar to restrict an injunction on the assessment or collection on any taxes. Accordingly, Defendant's motion to have Plaintiff's claim for an injunction dismissed is GRANTED.

6. Defendant argues that Plaintiff has failed to state a cause of action upon which relief may be granted as to years 1987 and 1992 because she paid no tax for either of those years.

■■■ Defendant argues, pursuant to Rule 12(b)(6), that Plaintiff has failed to state a claim for which relief can be granted in that she did not pay any taxes for either 1987 or 1992. Defendant's argument is based upon the theory that you cannot seek a refund if you have not previously overpaid. The Court will only address Plaintiff's claim for 1992, as her claim for 1987 was previously dismissed. Plaintiff, in 1992 was due to received an earned income credit of $805 according to the certificate of assessments and pay-

ments. She had no taxable income but her earned income credit was transferred to pay her delinquent account dating back at least to her 1987 return. The Supreme Court has held that a taxpayer "can receive the amount by which his entitlement to an earned-income credit exceeds his tax liability only because § 6401(b) of the Code defines that amount as an "overpayment," and § 6402 provides a mechanism for disbursing overpayments, namely, the income tax refund process. The refundability of the earned-income credit is thus inseparable from its classification as an overpayment of tax." *Sorenson v. Secretary of Treasury of the United States,* 475 U.S. 851, 860, 106 S.Ct. 1600, 1606, 89 L.Ed.2d 855 (1986). In light of the fact that Defendant's motion is pursuant to 12(b)(6) and the Court is bound to look at all pleadings in favor of Plaintiff, and because Plaintiff is pro se and should be awarded every opportunity to properly plead her case, this Court holds that Plaintiff has sufficiently stated a claim upon which relief can be granted with respect to her tax claim for 1992. Defendant's motion to dismiss is DENIED.

7. Defendant argues that Plaintiff's suit as it relates to the year 1980 is statutorily barred pursuant to § 6512 because she previously filed a petition with the United States Tax Court for that year.

■■■ The Court need not address Defendant's res judicata argument because it previously dismissed Plaintiff's claim pursuant to her tax return for 1980, however, the Court notes that because Plaintiff commenced suit in the United States Tax Court, she is barred from suit for a claim emanating from that tax return in this Court. *See* I.R.C. § 6512(a) ("if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a) . . . no suit by a taxpayer for the

recovery of any part of the tax shall be instituted in any court. . . .")

8. Defendant's argument that Plaintiff is barred from proceeding on her demand for pain and suffering pursuant to § 7433 because she did not allege that she exhausted her administrative remedies and to the extent Plaintiff seeks tort damages, other than under § 7433, she is likewise barred under the Federal Tort Claims Act because she did not first file an administrative claim for such damages.

█ The Court notes that there is no provision in Section 7433 for pain and suffering. *See Shreiber v. Mastrogiovanni,* 98 CV 2515(JEI), 1999 WL 99093, at *4 (D.N.J. March 1, 1999)(noting that § 7433 "does not provide a remedy for pain and suffering" but rather "limits recovery to actual economic damages and costs of the action.)" Accordingly, Plaintiff's claim for pain and suffering is dismissed and Defendant's motion is GRANTED.

█ Finally, with respect to any other tort damages, other than pursuant to Section 7433, Defendant argues that the Court lacks jurisdiction over that portion of Plaintiff's complaint, sounding in tort, because Plaintiff did not allege that she has satisfied the provisions of the Federal Tort Claims Act. To the extent such claims are brought pursuant to the Federal Tort Claims Act, they are DENIED because the Act does not apply to tax claims. *See* 28 U.S.C. § 2680 ("The provisions of this chapter and 1346(b) of this title shall not apply to . . . [a]ny claim arising in respect to the assessment or collection of any tax. . . .")

*RULE 15(c) MOTION*

Finally, Plaintiff's motion to change the named defendant from the Internal Revenue Service to the United States is GRANTED.

*CONCLUSION*

For the reasons set forth above,

Defendant's motion to vacate the entry of default is GRANTED;

Defendant's motion to dismiss Plaintiff's complaint based upon sovereign immunity is DENIED;

Defendant's motion to dismiss based upon the argument that the Court lacks jurisdiction with respect to the 1987 income tax year due to the statute of limitations is GRANTED;

Defendant's motion to dismiss based upon the argument that the Court lacks jurisdiction over Plaintiff's suit for refund with respect to years 1973, 1976, 1980, 1987, 1992, 1993 and 1994 because Plaintiff did not wait the requisite six month period pursuant to 26 U.S.C. § 6532 prior to commencing suit is DENIED;

Defendant's motion to dismiss based upon the argument that the Court lacks jurisdiction over Plaintiff's complaint as it relates to the 1980, 1990 and 1993 tax years because she has not fully paid the disputed assessed liabilities is GRANTED;

Defendant's motion to dismiss based upon the argument that Plaintiff's demand for injunctive relief is barred by the Anti Injunction Act is GRANTED;

Defendant's motion to dismiss based upon the argument that Plaintiff has failed to state a cause of action upon which relief may be granted as to years 1987 and 1992 because she paid no tax for either of those years is DENIED;

Defendant's motion to dismiss based upon the argument that Plaintiff's suit as it relates to the year 1980 is statutorily barred pursuant to § 6512 because she previously filed a petition with the United States Tax Court for that year is moot because Plaintiff's claim for the 1980 tax year was previously dismissed;

Defendant's motion to dismiss based upon the argument that Plaintiff is barred from proceeding on her demand for pain and suffering pursuant to § 7433 is GRANTED;

Defendant's motion to dismiss based upon the argument that to the extent Plaintiff seeks tort damages, other than under § 7433, she is likewise barred under the Federal Tort Claims Act is GRANTED; and

Plaintiff's motion to change the name of the Defendant from the Internal Revenue Service to the United States is GRANTED.

All other motions are DENIED.

Defendant is directed to file an answer within 30 days of the date hereof.

SO ORDERED.